20137

James T. BAY, Respondent v. SOUTH CAROLINA HIGHWAY
DEPARTMENT, Appellant.

(221 S. E. (2d) 106)

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph C. Coleman, Dep. Atty. Gen.,* and *Richard P. Wilson, Asst. Atty. Gen.,* of Columbia, *for Appellant,*

10

*Henry F. Floyd, Esq.,* of Pickens, *for Respondent,*

December 29, 1975.

LEWIS, Chief Justice:

The issues to be decided involve the effect of a pardon upon the right to restoration of a driver's license which had been revoked because of conviction for the pardoned crime.

Respondent, James T. Bay, was convicted in June 1970 of the crimes of reckless homicide (Code Section 46-341) and leaving the scene of an accident (Code Section 46-321), receiving a concurrent sentence of five (5) years on each charge. In addition, his license to drive a motor vehicle was suspended as a mandatory consequence of his conviction.

After serving twenty (20) months of his sentence, respondent was paroled and thereafter, on February 19, 1975, received a full pardon. Upon receiving the pardon, he applied to appellant, South Carolina Highway Department, for the immediate reissuance of his driver's license which had been suspended until June 15, 1976. In applying for reissuance of his driver's license, respondent contended that the pardon removed all disqualifications arising from his conviction and entitled him to have his present application considered as if he had never been convicted.

Appellant, however, refused to consider the application of respondent contending that the period of his license suspension had not expired. In doing so, appellant took the posi-

tion, following the reasoning of *Parker v. State Highway Department,* 224 S. C. 263, 78 S. E. (2d) 382, that the license suspension, mandated by the statutes upon conviction of the above crimes, is not part of the punishment for the crime and, since it is not a part of the punishment, it is unaffected by the pardon.

Upon the refusal of appellant to consider the application of respondent, respondent filed his petition in the lower court for an order requiring appellant to permit him to apply for the reissuance of his driver's license free of any disqualification from the prior license suspension. This petition was granted and an order issued requiring appellant (1) to allow respondent to apply for driver's license, notwithstanding the suspension currently in effect, (2) to expunge the driving record of respondent of all references to the offenses for which he was pardoned, and (3) to run the suspensions concurrently. This appeal is from that order.

Although respondent has asked that the principles announced in *Parker v. State Highway Department, supra,* be overruled or, at least, held inapplicable to the present facts, we think the decision is sound and that its rationale applies here, requiring that the order under appeal be reversed.

In *Parker,* the defendant was convicted of driving a motor vehicle while under the influence of intoxicants. Upon such conviction, the Highway Department was required to suspend the defendant's license to operate a motor vehicle. An appeal was prosecuted from the conviction and the question presented was whether the appeal operated as a *supersedeas* so as to preclude the Highway Department from suspending the defendant's license until final disposition of the appeal. In holding that the appeal did not prevent the immediate suspension of the driver's license, the court held that a license to operate a motor vehicle is a privilege which is subject to reasonable regulations under the police power in the interest of public safety and, applicable here, stated:

"The suspension follows as a consequence and effect of committing the offense. It is a forfeiture of the privilege to drive, due to the failure of the licensee to observe certain conditions under which the license was issued. The suspension constitutes no part of the punishment fixed by the court, nor is it an added punishment for the offense committed. It is civil and not criminal in its nature."

While the pardon relieved respondent of his punishment, it did not operate to restore his driver's license, which his conviction forfeited. Under *Parker,* the suspension of respondent's license was a civil consequence of his convictions of reckless homicide and leaving the scene of an accident. The suspension constituted, in effect, a finding, that by reasons of respondent's convictions, he was no longer qualified to enjoy the privileges granted under the license to operate a motor vehicle. Consequently, the public safety required that his license be suspended. The suspension was to protect the public and not to punish respondent.

The following from *Prichard v. Battle,* 178 Va. 455, 17 S. E. 2d 393, cited with approval in *Parker,* properly disposes of the issue:

". . . while the pardon granted the petitioner relieves him from the punishment or penalty which the State might have exacted of him for the offense, it does not wipe out the fact of his conviction or the fact that by reason of the act committed he is put in a class of persons regarded by the State as unfit to drive automobiles on the highways without making additional provision for the safety of others. If one who leaves the scene of an accident in which his car is involved becomes by reason of such an act unfit to exercise the privilege of driving an automobile on the highways, he is not rendered fit simply because the State's Executive has relieved him of the burden of paying a fine or serving a sentence in prison for the act done."

Finally, it is contended that the license suspensions resulting from the convictions of reckless homicide and leaving the scene of an accident should run con-

currently in accordance with the concurrent sentences imposed by the court, since the suspensions resulted from the same accident.

The sentences imposed for the two offenses were ordered to be served concurrently. Each sentence carries a mandatory driver's license suspension. Appellant has apparently directed that the respective periods of license suspension run consecutively, instead of concurrently. Respondent's contention that the periods of license suspension should run concurrently, as the sentences, was sustained by the lower court.

Since we have held that the license suspension is no part of the punishment or sentence, it follows that the statutory license suspensions are not affected by the concurrent sentences imposed in this case.

The is nothing in the statutes to indicate a legislative intent that the periods of license suspension should run concurrently. The charge of leaving the scene after the accident involved different conduct from that upon which the charge of reckless homicide was based; and each suspension resulted from the conviction of a different offense. There is nothing to indicate that respondent is entitled to be rewarded by having the periods of license suspension run concurrently simply because he committed two offenses within a very short period of each other. It was therefore error for the trial judge to order the periods of license suspension to run concurrently.

The judgment is accordingly reversed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.