531 S.E.2d 922

**STATE of South Carolina, Respondent,**

v.

**Kenneth R. BAUCOM, Petitioner.**

**No. 25117.**

Supreme Court of South Carolina.

Heard March 22, 2000.

Decided May 8, 2000.

340

Stephen D. Schusterman, of Rock Hill, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Charles H. Richardson, of Office of the Attorney General, of Columbia;  and Solicitor Thomas E. Pope, of York, for respondent.

BURNETT, Justice:

Petitioner asks this Court to reverse an opinion of the Court of Appeals affirming the trial court's decision to permit the State to use a pardoned offense to enhance the sentence for a subsequent offense. We reverse and remand for resentencing.

## FACTS

In 1993, the South Carolina Board of Probation, Parole, and Pardon Services issued petitioner a pardon for the following ten offenses:

| | |
|---|---|
| 11/25/81 | Public Disorderly Conduct |
| 7/28/82 | Assault and Battery |
| 7/28/83 | Destruction of Property |
| 8/30/84 | Simple Possession of Marijuana |
| 5/19/86 | Public Disorderly Conduct |
| 6/16/86 | Driving Under the Influence First |
| 7/14/86 | Possession of Marijuana |
| 1/31/90 | Disorderly Conduct and Violation of Open Container |
| 5/24/90 | Pointing a Firearm and Violation of SC Gun Law |
| 7/24/90 | Driving Under the Influence Second |

In July 1995, petitioner was charged with DUI, third offense. Petitioner argued the 1995 DUI should be treated as a first offense, since his two prior DUIs were pardoned. After a hearing, the trial court ruled petitioner's pardoned offenses could be used to enhance the 1995 DUI charge. Petitioner appealed the trial court's ruling, but this Court dismissed the appeal without prejudice as premature.

Shortly thereafter, petitioner was again arrested for DUI and brought before the same judge. Relying on his earlier ruling, the judge allowed the State to use petitioner's pardoned 1990 offense to enhance the current charge.[1] After a bench trial, petitioner was convicted of DUI, second offense.

---

1. The 1986 conviction could not be used because it was over ten years old. *See* S.C.Code Ann. § 56–5–2940 (1991 & Supp.1998). Furthermore, the 1995 charges were apparently dropped upon petitioner's 1996 conviction.

A divided Court of Appeals affirmed petitioner's conviction. *State v. Baucom,* 334 S.C. 371, 513 S.E.2d 112 (Ct.App.1999).

## ISSUE

Did the Court of Appeals err in holding a pardoned conviction may be used to enhance a subsequent offense?

## DISCUSSION

█ Petitioner contends his pardoned conviction should not have been used to enhance the current offense. We agree with petitioner and remand for resentencing.

█ The question presented is one of statutory interpretation and reconciliation.[2] The cardinal rule of statutory construction is to ascertain and effectuate the legislative intent whenever possible. *Strother v. Lexington County Recreation Comm'n,* 332 S.C. 54, 504 S.E.2d 117 (1998). "All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute." *Kiriakides v. United Artists Communications, Inc.,* 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994).

Section 24–21–940(A) of the South Carolina Code defines "pardon" to mean "an individual is fully pardoned from *all the legal consequences of his crime and of his conviction, direct and collateral,* including the punishment, whether of imprisonment, pecuniary penalty or whatever else the law has provided." S.C.Code Ann. § 24–21–940(A) (1989) (emphasis added); *see also* S.C.Code Ann. § 24–21–1000 (1989) ("[A] certificate of pardon shall be issued by the Board stating that the individual

---

2. The Court of Appeals discussed in great detail the majority and minority rules on the effects of a pardon. According to the majority view, a pardon merely forgives the penalty for a crime, but does not blot out the fact of its occurrence. Therefore, a pardoned offense may be used to enhance a subsequent conviction under repeat offender statutes. *See* G. Van Ingen, Annotation, *Pardon as Affecting Consideration of Earlier Conviction in Applying Habitual Criminal Statute,* 31 A.L.R.2d 1186 (1953 & Supp.1995). A minority of courts treats a pardoned offense as if it had never occurred. Thus, in these jurisdictions, a pardoned offense cannot be considered to enhance a subsequent offense. *Id.*

is absolved from *all legal consequences* of his crime and conviction, and that all of his civil rights are restored.") (emphasis added). Section 24–21–990 provides:

A pardon shall fully restore all civil rights lost as a result of a conviction, which shall include the right to:

(1) register to vote;

(2) vote;

(3) serve on a jury;

(4) hold public office, except as provided in Section 16–13–210;[3]

(5) testify without having the fact of his conviction introduced for impeachment purposes to the extent provided by Rule 609(c) of the South Carolina Rules of Evidence;[4]

(6) not have his testimony excluded in a legal proceeding if convicted of perjury; and

(7) be licensed for any occupation requiring a license.

S.C.Code Ann. § 24–21–990 (1989).

Petitioner was sentenced pursuant to S.C.Code Ann. § 56–5–2940 (1991 & Supp.1999), which provides for enhanced punishment for each subsequent DUI conviction. The statute provides that

*[A]ny conviction,* entry of a plea of guilty or of nolo contendere or forfeiture of bail, for the violation of any law or ordinance of this or any other state or any municipality of this or any other state that prohibits any person from operating a motor vehicle while under the influence of intoxicating liquor, drugs, or narcotics *shall constitute a*

---

**3.** Section 16–13–210 provides that embezzlement of public funds is a felony, and "a person convicted of a felony is disqualified from holding any office of honor or emolument in this State; but the General Assembly, by a two-thirds vote, may remove this disability upon payment in full of the principal and interest of the sum embezzled." S.C.Code Ann. § 16–13–210 (1985).

**4.** Evidence of a conviction is not admissible for impeachment purposes "if (1) the conviction has been the subject of a pardon ... based on a finding of the rehabilitation of the person convicted, and that person has not been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year, or (2) the conviction has been the subject of a pardon ... based on a finding of innocence." Rule 609(c), SCRE.

*prior offense* for the purpose of any prosecution for any subsequent violation hereof. Only those offenses which occurred within a period of ten years including and immediately preceding the date of the last offense shall constitute prior offenses within the meaning of this section.

(emphasis added).

The Court of Appeals held the italicized phrase "any conviction" necessarily includes pardoned convictions. *Baucom*, 334 S.C. at 384, 513 S.E.2d at 119. The Court of Appeals based its holding on the theory that a pardon involves forgiveness, but not forgetfulness. In other words, a pardon forgives the punishment for a crime, but does not forget or obliterate the act of the commission of the crime. *See Baucom*, 334 S.C. at 376, 513 S.E.2d at 114. We disagree. The pardon statute relieves the convict of "all the legal consequences of his crime and conviction, direct and collateral, *including* the punishment, whether of imprisonment, pecuniary penalty or whatever else the law has provided." S.C.Code Ann. § 24–21–940(A) (1989). Punishment is only one of the consequences absolved by a pardon in South Carolina.

■ We believe the better way to approach this question is to ask whether enhancement of a subsequent sentence is a collateral legal consequence of the pardoned conviction. The pardon statute states unambiguously that "an individual is fully pardoned from *all the legal consequences of his crime and of his conviction, direct and collateral.*" § 24–21–940(A). We conclude sentence enhancement is a forbidden collateral legal consequence of a pardoned conviction. The words "any conviction" in the repeat offender statute must be read in light of the plain language of the pardon statute. *Baucom*, 334 S.C. at 385, 513 S.E.2d at 119 (Howell, J., dissenting). The DUI statute was enacted subsequent to the pardon statutes. Thus, the legislature is charged with knowledge that a pardon relieves the convict of all the consequences of his conviction. *See Berkebile v. Outen*, 311 S.C. 50, 53, 426 S.E.2d 760, 762 (1993) ("A basic presumption exists that the legislature has knowledge of previous legislation when later statutes are passed on a related subject."). Moreover, penal statutes are to be strictly construed against the State and in favor of the defendant. *State v. Blackmon*, 304 S.C. 270, 273, 403 S.E.2d

660, 662 (1991). Construing the term "any conviction" to include a pardoned conviction is inconsistent with strict construction.

This interpretation is supported by the specific exceptions enacted by the legislature to the general rule that a pardon relieves the convict of all legal consequences of his conviction. Under §§ 24–21–990 and 16–13–210, despite a pardon, a person convicted of embezzling public funds may not hold a public office unless the General Assembly removes the disability by a two-thirds vote. S.C.Code Ann. § 24–21–990 (1989) and § 16–13–210 (1985). Under Rule 609(c), SCRE, a conviction pardoned based on a finding of the rehabilitation (as opposed to innocence) of the person convicted, can be used to impeach a witness if the person has been convicted of a subsequent crime which was punishable by death or imprisonment in excess of one year. These exceptions are noteworthy because they demonstrate the General Assembly's readiness to expressly address pardons in situations where the legislature does not wish them to have full effect.

Furthermore, the Court of Appeals majority erred in relying on this Court's opinion in *Bay v. South Carolina Highway Department*, 266 S.C. 9, 221 S.E.2d 106 (1975). We conclude *Bay* has been overruled by the enactment of § 24–21–940(A). In *Bay*, we held that a motorist whose convictions for reckless homicide and leaving the scene of an accident were pardoned was not entitled to have his driver's license suspensions revoked. We reasoned that "[w]hile the pardon relieved respondent of his punishment, it did not operate to restore his driver's license, which his conviction forfeited." *Id.* at 13, 221 S.E.2d at 108. We noted that "the suspension of respondent's license was a *civil consequence* of his convictions of reckless homicide and leaving the scene of an accident," not punishment for his crimes. *Id.* (emphasis added). In 1981, the General Assembly enacted § 24–21–940(A), providing that a pardon relieves an individual of "all the legal consequences ... direct and collateral," of his conviction. *See* Act No. 100, 1981 Acts 333, 350, codified at S.C.Code Ann. § 24–21–940 to –1000 (1989). The language of the statute indicates the legislature's intent to overrule *Bay*. The statute absolves a pardoned convict of "all legal consequences," not just criminal consequences. Since suspension of Bay's driver's license was a

"civil consequence," of his conviction, *Bay* is no longer good law. Even if this were not so, *Bay* would not be determinative since the question of statutory interpretation here was not before us in *Bay,* and we were thus free to make our own determination of public policy.

## CONCLUSION

Although we share the reluctance of the State, the trial court, and the Court of Appeals to sentence petitioner as if the present offense were his first DUI, rather than his fourth, our holding is compelled by the plain and unambiguous language of the pardon statute. Our responsibility as members of the judicial branch is to interpret the statute before us. Determining proper criteria for granting pardons is the responsibility of the legislature and the executive branch.

**REVERSED AND REMANDED.**

FINNEY, C.J., TOAL, MOORE, and WALLER, JJ., concur.