547 S.E.2d 504

**James R. BRUNSON, Respondent,**

**v.**

**Chief Robert STEWART in his official capacity as Director of the South Carolina Law Enforcement Division, Appellant.**

**No. 3337.**

Court of Appeals of South Carolina.

Submitted April 2, 2001

Decided April 30, 2001.

Rehearing Denied July 2, 2001.

Attorney General Charles M. Condon, Senior Assistant Attorney General Nathan Kaminski, Jr. and Assistant Attorney General Christie Newman Barrett, all of Columbia, for appellant.

Lourie A. Salley, III, of Lexington, for respondent.

HUFF, Judge:

James R. Brunson brought this declaratory judgment action against Chief Robert Stewart in his official capacity as Director of the South Carolina Law Enforcement Division (SLED). Brunson sought an order declaring that his right to purchase, own, and possess a firearm was restored when he received a pardon of his conviction of a crime of violence. The circuit court judge determined that a conviction for a crime of violence does not serve as an impediment to gun ownership if the conviction has been pardoned, and reversed SLED's decision to deny Brunson's application for the purchase of a pistol. SLED appeals. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

In 1984, Brunson was convicted of criminal sexual conduct with a minor, in violation of S.C.Code Ann. § 16–3–655 (1985). He was sentenced to twenty years imprisonment suspended upon service of six years, with five years probation. On November 19, 1991, the South Carolina Department of Probation, Parole, and Pardon Services pardoned Brunson for the conviction.

On August 19, 1996, Brunson attempted to purchase a .25 caliber pistol at a gun store in Aiken, South Carolina. He completed an application for the purchase of a pistol in accordance with S.C.Code Ann. § 23–31–140 (1976). The Firearms Transaction Center at SLED received a telephone call from the gun store, checked Brunson's criminal record, and denied Brunson's application to purchase the pistol on the ground that, having been convicted of a violent crime, he was legally prohibited from possessing a handgun pursuant to S.C.Code Ann. § 16–23–30 (1985). Thereafter, Brunson brought this action. By order dated March 13, 2000, the circuit court reversed SLED's decision to deny Brunson's application. This appeal followed.

## LAW/ANALYSIS

On appeal, SLED argues the trial court erred in finding that any impediment to Brunson's right to possess a firearm, resulting from his conviction of a violent crime, was removed by his receipt of a pardon for that crime. We disagree.

South Carolina Code Ann. § 16–1–60 (Supp.2000) includes the offense of second degree criminal sexual conduct with a minor among those crimes statutorily defined as violent. Section 16–23–30 prohibits the sale or delivery of a pistol to and possession of a pistol by certain persons including, but not limited to, any person who has been convicted of a crime of violence. § 16–23–30 (1985). As defined in S.C.Code Ann. § 24–21–940(A) (1989), " '[p]ardon' means that an individual is fully pardoned from all the legal consequences of his crime and of his conviction, direct and collateral, including the punishment, whether of imprisonment, pecuniary penalty or whatever else the law has provided." *See also* S.C.Code Ann. § 24–21–930 (Supp.2000) ("An order of pardon must be signed

by at least two-thirds of the members of the [Probation, Parole, and Pardon Services Board]. Upon the issue of the order by the board, the director, or one lawfully acting for him, must issue a pardon order which provides for the restoration of the pardon applicant's civil rights."). South Carolina Code Ann. § 24–21–990 (Supp.2000) provides:

A pardon shall fully restore all civil rights lost as a result of a conviction, which shall include the right to:

(1) register to vote;

(2) vote;

(3) serve on a jury;

(4) hold public office, except as provided in Section 16–13–210;

(5) testify without having the fact of his conviction introduced for impeachment purposes to the extent provided by Rule 609(c) of the South Carolina Rules of Evidence;

(6) not have his testimony excluded in a legal proceeding if convicted of perjury; and

(7) be licensed for any occupation requiring a license.

Determination of the issue before us requires statutory interpretation and reconciliation. It is well settled that the cardinal rule of statutory construction is to ascertain and effectuate the legislative intent whenever possible. *Strother v. Lexington County Recreation Comm'n*, 332 S.C. 54, 504 S.E.2d 117 (1998). "All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute." *Kiriakides v. United Artists Communications, Inc.*, 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994).

The precise issue before us is one of first impression in South Carolina. Our supreme court has, however, dealt with a similar issue. In *State v. Baucom*, 340 S.C. 339, 531 S.E.2d 922 (2000), the court held that the term "any conviction" as used in S.C.Code Ann. § 56–5–2940 (1991 & Supp.2000), which provides for enhanced punishment for each subsequent driving under the influence (DUI) conviction, does not include pardoned convictions because enhancement of a subsequent sen-

tence is a collateral legal consequence of the pardoned convictions and the plain language of section 24–21–940(A) absolves an individual of "all the legal consequences of his crime and of his conviction, direct and collateral." *Baucom*, 340 S.C. at 344, 531 S.E.2d at 924. Thus, the defendant's two pardoned DUI convictions could not be used to enhance the sentence for the defendant's third DUI offense.

In reaching its holding in *Baucom*, the court reasoned that the DUI statute was enacted subsequent to the pardon statutes and "the legislature is charged with knowledge that a pardon relieves the convict of all the consequences of his conviction." *Id.* at 344, 531 S.E.2d at 924 (citing *Berkebile v. Outen*, 311 S.C. 50, 53, 426 S.E.2d 760, 762 (1993) ("A basic presumption exists that the legislature has knowledge of previous legislation when later statutes are passed on a related subject.")). As well, the *Baucom* court found its interpretation was supported by the specific exceptions found in S.C.Code Ann. §§ 24–21–990 and 16–13–210 (Supp.2000) and Rule 609(c), SCRE. These exceptions apply to the general rule that a pardon relieves an individual of all legal consequences of his conviction. The Court noted: "These exceptions are noteworthy because they demonstrate the General Assembly's readiness to expressly address pardons in situations where the legislature does not wish them to have full effect." *Baucom*, 340 S.C. at 345, 531 S.E.2d at 924.

Applying the reasoning employed in *Baucom*, we specifically note that § 16–23–30 was enacted prior to the pardon statutes such that, had the legislature so intended, it could have expressly excluded gun possession from those rights restored upon receipt of a pardon of a crime of violence. While we share SLED's concern as to the safety of the public in allowing those previously convicted but later pardoned of a violent crime to possess a firearm, we are constrained to hold that SLED's denial of Brunson's application for ownership of a handgun constituted an impermissible collateral legal consequence of his pardoned conviction for a violent crime, in contravention of the pardon statutes. It is beyond this Court's power to effect a change in the statutes enacted by the Legislature. *State v. Corey D.*, 339 S.C. 107, 529 S.E.2d 20 (2000) (citing *Keyserling v. Beasley*, 322 S.C. 83, 86, 470 S.E.2d 100, 101 (1996) (the Court does not sit as a superlegis-

lature to second guess the wisdom or folly of decisions of the General Assembly)).

Accordingly, the decision of the trial court is

**AFFIRMED.**

CONNOR and HOWARD, JJ., concur.