563 S.E.2d 342

**The STATE, Appellant,**

v.

**Earl L. LEOPARD, Respondent.**

No. 3478.

Court of Appeals of South Carolina.

Submitted Jan. 23, 2002.
Decided April 15, 2002.

Attorney General Charles M. Condon, Chief Deputy, Attorney General John W. McIntosh, Assistant Deputy, Attorney General Charles H. Richardson, and Assistant Attorney General Melody J. Brown, all of Columbia; and Druanne D. White, of Anderson, for appellant.

Deputy Chief Attorney Joseph L. Savitz, III, of SC Office of Appellate Defense, of Columbia, for respondent.

STILWELL, J.:

The State appeals the circuit court's dismissal of a charge of criminal domestic violence. We reverse.[1]

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## FACTS

Earl L. Leopard moved to dismiss the charge of criminal domestic violence on the basis that the victim did not fit within the statutorily defined class because she was never physically part of his household. The charge arose out of an altercation at a family barbeque when Leopard's adult stepdaughter intervened in an argument between Leopard and his wife (her mother), and Leopard pushed her. The parties stipulated that the victim is related by the second degree of affinity, but has never resided in the same household as Leopard. The magistrate denied the motion to dismiss. On appeal, the circuit court, relying partially on a 1994 amendment and finding the victim had to be both a member of the household as well as related in the degree set forth in the statute, reversed the magistrate and granted the motion to dismiss.

## LAW/ANALYSIS

The sole issue on appeal is the statutory construction of the definition of "Household Member" set forth in the criminal domestic violence statute.

> As used in this article, "household member" means spouses, former spouses, parents and children, persons related by consanguinity or affinity within the second degree, persons who have a child in common, and a male and female who are cohabiting or formerly have cohabited.

S.C.Code Ann. § 16–25–10 (Supp.2001).[2] The basic principles of statutory construction as applied to criminal statutes have been clearly and repeatedly set forth by our supreme court and by this court.

> It is well established that in interpreting a statute, the court's primary function is to ascertain the intention of the legislature. When the terms of the statute are clear and unambiguous, the court must apply them according to their

---

2. The State relies on *South* and *Storch,* two New Jersey cases with similar facts, to assert that the statute should be construed expansively to extend its protection, consistent with the legislative purpose. *South v. North,* 304 N.J.Super. 104, 698 A.2d 553 (Ch.Div.1997); *Storch v. Sauerhoff,* 334 N.J.Super. 226, 757 A.2d 836 (Ch.Div.2000). The New Jersey act does not define the term "household member" as does the South Carolina statute; thus the New Jersey cases are not helpful.

literal meaning. Furthermore, in construing a statute, words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation. Finally, when a statute is penal in nature, it must be construed strictly against the State and in favor of the defendant.

*State v. Blackmon,* 304 S.C. 270, 273, 403 S.E.2d 660, 662 (1991) (citations omitted); *see also Kerr v. State,* 345 S.C. 183, 188, 547 S.E.2d 494, 496–97 (2001); *State v. Johnson,* 347 S.C. 67, 70, 552 S.E.2d 339, 340 (Ct.App.2001); *accord Kennedy v. S.C. Ret. Sys.,* 345 S.C. 339, 346, 549 S.E.2d 243, 246 (2001); *Paschal v. State Election Comm'n,* 317 S.C. 434, 436, 454 S.E.2d 890, 892 (1995). " 'All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute.' " *State v. Baucom,* 340 S.C. 339, 342, 531 S.E.2d 922, 923 (2000) (quoting *Kiriakides v. United Artists Communications, Inc.,* 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994)).

If the legislature's intent is clearly apparent from the statutory language, a court may not embark upon a search for it outside the statute. When the language of a statute is clear and explicit, a court cannot rewrite the statute and inject matters into it which are not in the legislature's language, and there is no need to resort to statutory interpretation or legislative intent to determine its meaning. While it is true that the purpose of an enactment will prevail over the literal import of the statute, this does not mean that this Court can completely rewrite a plain statute.

*Hodges v. Rainey,* 341 S.C. 79, 87, 533 S.E.2d 578, 582 (2000) (citations omitted). " 'What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will.' " *Wade v. State,* Op. No. 25409, 348 S.C. 255, 559 S.E.2d 843 (2002) (quoting Norman J. Singer, *Sutherland Statutory Construction* § 46.03 at 94 (5th ed. 1992)); *accord Rainey* at 85, 533 S.E.2d at 581.

 The history note to the statute section states, "[t]he 1994 Amendment deleted 'family or' preceding 'household member' and substituted 'persons who have a child in com-

mon, and a male or female who are cohabiting or formerly have cohabited' for 'and persons cohabitating or formerly cohabitating.' " History to S.C.Code Ann. § 16–25–10 (Supp. 2001) (amended by 1994 Act No. 519, § 1, eff. Sept. 23, 1994). As recently noted, we must "presume the legislature did not intend a futile act" when construing a statutory amendment. *State v. Knuckles,* Op. No. 3438, 348 S.C. 593, 560 S.E.2d 426 (2002) (citing *TNS Mills, Inc. v. S.C. Dep't of Revenue,* 331 S.C. 611, 620, 503 S.E.2d 471, 476 (1998)). The debate, then, arises out of the amendment which changed the controlling language from "family or household member" to simply "household member." However, because "household member" is expressly defined within the statute, we need look no further to attempt to determine the legislature's intent.

Leopard urges us to look at what he characterizes as the obvious purpose or clear intent of the legislature. "However, we refuse to delve beyond the clear and unambiguous words of the statute." *Johnson* at 70–71, 552 S.E.2d at 341. If the General Assembly had intended to require that "persons related by consanguinity or affinity within the second degree" cohabit to fall within the ambit of the statute, it would have said so. *See id.*

▆▆▆▆ The last clause of the definition does contain a cohabiting requirement. The fact that it is included in one phrase but not in the other implies it should not be read into the other.[3]

The canon of construction '*expressio unius est exclusio alterius*' or '*inclusio unius est exclusio alterius*' holds that 'to express or include one thing implies the exclusion of

---

**3.** *See Baucom* at 345, 531 S.E.2d at 924 ("[E]xceptions are noteworthy because they demonstrate the General Assembly's readiness to expressly address" such situations for the law as written to have intended effect.); *Rainey* at 87, 533 S.E.2d at 582 (" 'Exceptions strengthen the force of the general law and enumeration weakens it as to things not expressed.' "); *State v. Zulfer,* 345 S.C. 258, 547 S.E.2d 885 (Ct.App. 2001), *cert. granted* (Jan. 10, 2002) (Where legislature in other laws limited use of convictions to "of this State," fact that legislature did not do so in burglary statute implied by silence that out-of-state convictions could be used to enhance penalty.); *Scholtec v. Estate of Reeves,* 327 S.C. 551, 559, 490 S.E.2d 603, 607 (Ct.App.1997) (Where legislature extended some statutory exemptions to persons other than the debtor, the absence of such language in a subsection significantly indicates the legislature did not intend the exemption to be similarly extended.).

another, or of the alternative.' The maxim should be used to accomplish legislative intent, not defeat it. The maxim 'is a rule of statutory construction; it is not a rule of substantive law. Accordingly, [it] 'should be used with care.'
*S.C. Dep't of Consumer Affairs v. Rent–A–Center, Inc.*, 345 S.C. 251, 256, 547 S.E.2d 881, 883–84 (Ct.App.2001), *cert. granted* (Nov. 29, 2001) (alterations and quotations in original) (quoting *Rainey* at 86 & 96 n. 1, 533 S.E.2d at 582 & 587 n. 1 and citations omitted).

We are thus constrained to hold that, as defined by § 16–25–10, Leopard's stepdaughter is within the statutorily defined class designed to be protected from domestic violence, and the circuit court erred in dismissing the charge. This result may be an unintended consequence of the statutory language. However, the plain language of the statute cannot be contravened. *Scholtec* at 560, 490 S.E.2d at 607 ("Despite this possibility of frustrating legislative intent, however, we are confined to the statutory language...."). If it is desirable public policy to limit the class to those physically residing in the household, that public policy must emanate from the legislature. *See Bray v. Marathon Corp.*, 347 S.C. 189, 200–02, 553 S.E.2d 477, 483 (Ct.App.2001).

**REVERSED.**

HUFF and HOWARD, JJ., concur.