593 S.E.2d 180

The STATE, Respondent,

v.

Michael Laquincy HIGGINS, Appellant.

No. 3736.

Court of Appeals of South Carolina.

Heard Dec. 10, 2003.
Decided Feb. 2, 2004.

Assistant Appellate Defender Robert M. Pachak, of S.C. Office of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Assistant Attorney General Deborah R.J. Shupe, of Columbia; and Solicitor W. Townes Jones, IV, of Greenwood, for Respondent.

HEARN, C.J.:

During the sentencing phase of his guilty plea, Michael Higgins asked the trial court to be credited for time served while he was released on bond but placed on house arrest. The trial court denied this request, and Higgins appeals. We affirm.

## FACTS/PROCEDURAL HISTORY

Higgins was arrested and indicted for accessory after the fact to murder. He was released on a $50,000 bond, which contained the following conditions:

[N]o contact with the victim or the victim's family in any manner either directly or indirectly; The Defendant must remain on House Arrest and reside with his grandmother [in] ... Laurens, South Carolina and may not leave the residence except for medical appointments or treatment, consultations with his attorney, or for employment reasons.

Higgins remained under house arrest from the date of his release, July 24, 2001, until August 13, 2002. There is no evidence that Higgins violated the conditions imposed in the release order. On August 13, Higgins entered a negotiated *Alford*[1] plea to misprision of a felony, a lesser included offense of accessory after the fact to murder.

During sentencing, defense counsel argued that Higgins should be given credit for time served on house arrest. The

---

1. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

trial court disagreed, and held that credit would only be given for the seven months and eleven days Higgins actually spent in jail.

## LAW/ANALYSIS

On appeal, Higgins contends that under section 24–13–40 of the South Carolina Code (1989 & Supp.2002), the applicable sentencing statute, he was entitled to receive credit for the time he spent under house arrest prior to sentencing. Section 24–13–40 provides, in pertinent part:

In every case in computing the time served by a prisoner, full credit against the sentence shall be given for time served prior to trial and sentencing. *Provided, however,* that credit for time served prior to trial and sentencing shall not be given: (1) when the prisoner at the time he was imprisoned prior to trial was an escapee from another penal institution; or (2) when the prisoner is serving a sentence for one offense and is awaiting trial and sentence for a second offense in which case he shall not receive credit for time served prior to trial in reduction of his sentence for the second offense.

(emphasis in original). In support of his argument, Higgins asserts that because house arrest is not specifically excluded by the statute, the legislature intended to give credit for the time a defendant serves on house arrest. We disagree.

[1] Our supreme court has defined "time served," as it is used in section 24–13–40, as "the time during which a defendant is in pre-trial confinement *and* charged with the offense for which he is sentenced (so long as he is not serving time for a prior conviction)." *Blakeney v. State,* 339 S.C. 86, 88, 529 S.E.2d 9, 10–11 (2000) (emphasis in original). However, whether time served includes time spent under house arrest is an issue of first impression in South Carolina. Generally, penal statutes are to be construed "strictly against the State and in favor of the defendant." *Williams v. State,* 306 S.C. 89, 91, 410 S.E.2d 563, 564 (1991) (citation omitted). "Furthermore, in construing a statute, words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation." *State v. Leopard,* 349 S.C. 467, 471, 563 S.E.2d 342, 344 (Ct.App.

2002). However, " '[a]ll rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute.' " *Id.* (citations omitted).

Initially, we find it important to note that Higgins was placed on house arrest as a condition of his *release* on bond. Any person charged with a noncapital offense may, in the court's discretion, be released pending trial. S.C.Code Ann. § 17–15–10 (2003). The court may impose certain "conditions of release," including, but not limited to, requiring an appearance bond, placing the person in the custody of another, or other conditions reasonably necessary to assure appearance as required. *Id.* Because Higgins was on house arrest as a condition of his release, we believe it would be illogical to credit him for the time he served while he was "released" on bond.

Furthermore, section 24–13–40 consistently uses the language "time served by a prisoner." A prisoner is defined as "[a] person who is serving time in prison." BLACK'S LAW DICTIONARY 1213 (7th ed.1999). Further, a prison is defined as "[a] state or federal facility of confinement for convicted criminals...." *Id.* Our statutes have also used the term prisoner to refer to persons confined in a county jail. *See, e.g.,* S.C.Code Ann. § 24–13–10 *et seq.* (1989 & Supp.2002); S.C.Code Ann. § 24–5–10 *et seq.* (1989 & Supp.2002). Based on the plain and ordinary meaning of the term prisoner, we believe the legislature only intended to award sentencing credit to those who actually spend time confined in a penal institution. Accordingly, we find the trial court did not err in concluding Higgins was not entitled to credit for time served on house arrest while released on bond.

This view is in accord with that taken by other jurisdictions interpreting similar statutes. *See State v. Jarman,* 140 N.C.App. 198, 535 S.E.2d 875, 880 (2000) (holding that "confinement" as contemplated by a similar statute did not include time spent before trial on house arrest or electronic surveillance); *Licata v. State,* 788 So.2d 1063, 1064 (Fla.Dist.Ct.App. 2001) (finding house arrest is not the equivalent of incarceration in the "county jail" as required by the Florida statute); *People v. Ramos,* 138 Ill.2d 152, 149 Ill.Dec. 273, 561 N.E.2d

643, 648 (1990) (holding the Illinois legislature did not intend the term "custody" to apply to the period of time the defendant was released on bail for pretrial home confinement). *But cf. Commonwealth v. Chiappini,* 566 Pa. 507, 782 A.2d 490, 497, 501 (2001) (stating house arrest could be the equivalent of time spent in an institution when the program was run by the local prison system, and participants were considered inmates who were required to wear electronic devices and submit to constant monitoring).

Because we find our legislature only intended to allow credit for time served in a penal institution, we find no error in the trial court's refusal to afford credit to Higgins for the time he served on house arrest while he was released on bond. Accordingly, the trial court's decision is

**AFFIRMED.**

HOWARD and KITTREDGE, JJ., concur.