**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Andres Fernando Posso, Appellant.

Appellate Case No. 2022-001396

———————

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-060
Submitted February 1, 2024 – Filed February 21, 2024

———————

**AFFIRMED**

———————

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

———————

**PER CURIAM:** Andres Fernando Posso appeals his sentence of eight years' imprisonment for two counts of third-degree criminal sexual conduct with a minor.

On appeal, he argues the plea court erred in failing to award credit to him for time he served on monitored house arrest.  We affirm pursuant to Rule 220(b), SCACR.

We hold the plea court did not abuse its discretion in refusing to credit Posso with any time served on monitored house arrest because the relevant statute allows, but does not require, a court to award such credit.  *See* S.C. Code Ann. § 24-13-40 (2007 & Supp. 2023) ("In every case in computing the time served by a prisoner, full credit against the sentence must be given for time served prior to trial and sentencing, and may be given for any time spent under monitored house arrest."); *State v. Franklin*, 267 S.C. 240, 246, 226 S.E.2d 896, 898 (1976) ("A [plea court] generally has wide discretion in determining what sentence to impose."); *State v. Pogue*, 430 S.C. 384, 386, 844 S.E.2d 397, 398 (Ct. App. 2020) ("A sentence will not be overturned absent an abuse of discretion . . . ." (quoting *In re M.B.H.*, 387 S.C. 323, 326, 692 S.E.2d 541, 542 (2010))); *State v. King*, 367 S.C. 131, 136, 623 S.E.2d 865, 868 (Ct. App. 2005) ("An abuse of discretion occurs when the decision by the [plea court] is based on an error of law.").

We acknowledge the plea court's improper reliance on *State v. Higgins* in declining to credit Posso for time served on monitored house arrest.  *See* 357 S.C. 382, 386, 593 S.E.2d 180, 182 (Ct. App. 2004) (affirming the trial court's refusal to credit Higgins for time spent on house arrest based on a previous version of section 24-13-10, which allowed credit only "for time served in a penal institution").  This court's holding in *Higgins* was superseded in 2013 by the current version of the statute.  *See* § 24-13-40 ("In every case in computing the time served by a prisoner, full credit against the sentence must be given for time served prior to trial and sentencing, and may be given for any time spent under monitored house arrest."). However, in looking at the record as a whole, we believe the court properly exercised its discretion.  *See State v. Smith*, 276 S.C. 494, 498, 280 S.E.2d 200, 202 (1981) ("[T]he authority to change a sentence rests solely and exclusively in the hands of the sentencing [court] within the exercise of [its] discretion."); *id*. ("It should be stated on what basis the discretion was exercised.").  The plea court stated in its order denying Posso's motion to reconsider his sentence that it read the applicable statutes and considered counsel's arguments.  At the plea hearing, Posso conceded that it was within the court's discretion to determine the amount of credit to be given, as he was *eligible* to receive credit for time served on monitored house arrest, though not *entitled* to it.  Further, the plea court's order mirrored this phrasing, finding Posso was not "entitled" to the monitored house arrest credit, and although it cited *Higgins* in the preceding paragraph, the plea court did not find Posso was not *eligible* for the credit.  Accordingly, when viewing the record as a whole, we hold the plea court did not err or abuse its discretion in declining to

credit Posso with time served on monitored house arrest.  *See Pogue*, 430 S.C. at 386, 844 S.E.2d at 398 ("A sentence will not be overturned absent an abuse of discretion . . . ." (quoting *In re M.B.H.*, 387 S.C. at 326, 692 S.E.2d at 542)).

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.