**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Beaufort County, Appellant,

v.

Adams Outdoor Advertising Limited Partnership and Bo Hodges, Respondents.

Appellate Case No. 2022-000681

Appeal From Beaufort County
Marvin H. Dukes III, Master-In-Equity

Unpublished Opinion No. 2024-UP-232
Heard April 10, 2024 – Filed July 3, 2024

**AFFIRMED**

Brittany L. Ward, of Beaufort; and Scott D. Bergthold, admitted pro hac vice, of Law Office of Scott D. Bergthold, P.L.L.C, of Chattanooga, Tennessee; both for Appellant.

Jeffrey Scott Tibbals, Sr., and Evan Patrick Williams, both of Bybee & Tibbals, LLC, of Mount Pleasant, for Respondents.

**PER CURIAM:** Beaufort County appeals the circuit court's order reversing and vacating the magistrate court's conviction of Adams Outdoor Advertising Limited Partnership (Adams Outdoor) and Bo Hodges (collectively, Respondents) for violating Beaufort County's Community Development Code (CDC). Beaufort County argues the circuit court erred by finding it must strictly comply with its CDC notice requirements. We affirm.

1. Beaufort County argues the circuit court erred by finding it must strictly comply with its notice requirements because (1) Respondents had actual notice of the violation and, therefore, there was no due process violation; (2) the lower court erroneously invoked the rule of lenity stating that "when a penal statute is ambiguous, it must be strictly construed in defendant's favor;" and (3) the error was harmless. We disagree. Beaufort County must comply with the CDC's notice requirements. *See State v. Boston*, 433 S.C. 177, 182, 857 S.E.2d 27, 30 (Ct. App. 2021) ("Our supreme court has also established that South Carolina may provide more protection than that afforded by the United States Constitution: '[S]tate courts can develop state law to provide their citizens with a second layer of constitutional rights . . . .'" (citing *State v. Forrester*, 343 S.C. 637, 643, 541 S.E.2d 837, 840 (2001))); *see also O'Connor v. Johnson*, 287 N.W.2d 400, 405 (Minn. 1979) ("The states may, as the United States Supreme Court has often recognized, afford their citizens greater protection than the safeguards guaranteed in the Federal Constitution."). This court must construe the CDC literally. *State v. Leopard*, 349 S.C. 467, 470-71, 563 S.E.2d 342, 344 (Ct. App. 2002) ("It is well established that in interpreting a statute, the court's primary function is to ascertain the intention of the legislature. When the terms of the statute are clear and unambiguous, the court must apply them according to their literal meaning. Furthermore, in construing a statute, words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation. Finally, when a statute is penal in nature, it must be construed strictly against the State and in favor of the defendant."); *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 136, 538 S.E.2d 285, 289 (Ct. App. 2000) ("Where legislative design is unmistakable, there is no room for construction and the courts are required to apply the statute literally."). The CDC requires the Code Enforcement Department to "notify, in writing, the person violating the Code." CDC Section 9.4.40 ("The notice shall state the following: A. The address and legal description of the land, structure, or sign that is in violation of this Development Code; B. The nature of the violation, the provisions of this Development Code being violated, and the necessary action to remove or abate the violation; C. The date by which the violation should be

removed or abated; and D. The penalty for failing to remove or abate the violation, stating that if the nuisance recurs, a notice to appear in the appropriate court in Beaufort County will be issued without further notice."). The Code Enforcement Department can then serve a Uniform Summons ticket if the warned persons fail "to remove or abate the violation." CDC Section 9.4.50 ("Under all other circumstances, if the person(s) to whom a warning notice has been given in accordance with Section 9.4.40 (Notice of Violation), fails to remove or abate the violation in the time specified in the notice, the Code Enforcement Department shall fill out and sign, as the complainant, a Uniform Summons Ticket in the appropriate court of Beaufort County."). The Code makes serving a notice of a violation a condition precedent to the Code Enforcement Department issuing a Uniform Summons Ticket. *See Criterion Ins. Co. v. Hoffmann*, 258 S.C. 282, 293-94, 188 S.E.2d 459, 464 (1972) (finding statute stating, "'No action shall be brought . . . unless copies of the pleadings . . . are served in the manner provided by law upon the insurance carrier' . . . made service of a copy of the complaint . . . a condition precedent to . . . recovery."). In this case, the magistrate court found that "[t]he summonses did not comply with the provisions of Section 9.4.50 B of the Community Development Code in that they failed to give the address and legal description on which the violation was occurring." Therefore, the circuit court did not err in vacating and reversing Respondents' convictions and fines.

2. To the extent Appellant and Respondent make additional arguments, we believe the resolution of the previous issues is dispositive of these claims. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

**AFFIRMED.**

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**