## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 39941

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Boise, June 2012 Term |
| Plaintiff-Respondent, | ) |
| | ) 2012 Opinion No. 88 |
| v. | ) |
| | ) Filed: June 5, 2012 |
| RICHARD A. LEAVITT, | ) |
| | ) Stephen W. Kenyon, Clerk |
| Defendant-Appellant. | ) |
| _____ | ) |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Jon J. Shindurling, District Judge.

The issuance of the death warrant is <u>affirmed</u>. The district court's Order Denying Motion to Quash Death Warrant is <u>affirmed</u>.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent. L. LaMont Anderson argued.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, and Andrew Parnes, Ketchum, for Appellant. David Nevin argued.

_____

W. JONES, Justice

### I. NATURE OF THE CASE

Appellant, Richard A. Leavitt appeals from District Judge Shindurling's issuance of a death warrant entered on May 17, 2012. Leavitt also appeals from the district court's Order Denying the Motion to Quash the Death Warrant. Both appeals raised the same issues and will be addressed concurrently in this Opinion.

### II. FACTUAL AND PROCEDURAL BACKGROUND

In 1984, Leavitt brutally attacked, sexually mutilated, and murdered a 31 year-old woman, Danette Elg, in Blackfoot, Idaho. In 1985, a jury found Leavitt guilty of first-degree murder for the killing of Danette Elg. The district court held a sentencing hearing and imposed the death sentence. In 1986, Leavitt filed a petition for post-conviction relief, which was denied by the district court. In 1989, this Court affirmed Leavitt's conviction, but reversed his death sentence because the trial court failed to adequately weigh all the mitigating factors against the

1

statutory aggravating factor that the murder was especially heinous, atrocious or cruel, manifesting exceptional depravity. On remand, the district court held another sentencing hearing and found that all of the mitigating factors did not outweigh the single aggravating factor that the murder was especially heinous, atrocious or cruel, manifesting exceptional depravity. Therefore, the district court again sentenced Leavitt to death. Leavitt appealed to this Court, arguing that his constitutional rights were violated because the judge, and not a jury, made the determination regarding whether the mitigating circumstances outweighed the aggravating nature of the crime. This Court upheld Leavitt's death sentence in 1992.

The district court issued a death warrant on February 5, 1992, scheduling the date of execution for February 28, 1992. Leavitt filed a motion to stay the death warrant, which was denied by this Court. The next day, Leavitt requested a stay from the Supreme Court of the United States. On February 25, 1992, the Supreme Court of the United States granted Leavitt's stay of execution. The stay expired upon the Supreme Court's denial of certiorari on November 9, 1992. For reasons unknown, the State did not request a new death warrant until recently.

In 1993, Leavitt filed a Petition for Writ of Habeas Corpus in the United States District Court for the District of Idaho. In 2000, Judge Winmill granted habeas relief because of an improper jury instruction and ordered the State to retry Leavitt within 120 days. The State appealed and the United States Court of Appeals for the Ninth Circuit reversed Judge Winmill's order, holding that federal courts are procedurally barred from granting relief based upon an erroneous jury instruction. The United States Court of Appeals for the Ninth Circuit remanded the case to determine whether Leavitt's resentencing hearing in 1989 violated his constitutional rights. On remand, in 2007, Judge Winmill again granted habeas relief enjoining the State from imposing a death sentence unless a new sentencing hearing was given. The State appealed and in 2011, the United States Court of Appeals for the Ninth Circuit reversed Judge Winmill's decision. On May 11, 2012, Leavitt filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) in the United States District Court. On May 14, 2012, the Supreme Court of the United States denied Leavitt's Petition for Certiorari. On May 16, 2012, the United States Court of Appeals for the Ninth Circuit issued a mandate automatically lifting any stay previously imposed by Judge Winmill. On June 1, 2012, Judge Winmill denied by order Leavitt's Motion for Relief from Judgment and denied Leavitt's request for a stay of execution.

Leavitt's appeal of this order is presently pending before the United States Court of Appeals for the Ninth Circuit.

Anticipating the issuance of a new death warrant, on May 15, 2012, Leavitt filed a Notice of Demand for Opportunity to be Heard regarding the Issuance of the Death Warrant in district court. On May 17, 2012, LaMont Anderson, Deputy Attorney General for the State of Idaho, traveled to Blackfoot, Idaho and asked Judge Shindurling to issue a new death warrant. In Leavitt's motion, he conceded that no stay of execution was in place and that a sentence of death existed, but argued that the court should not issue a death warrant because of Leavitt's pending motion in federal court. At 10:50 a.m. on May 17, 2012, the district court denied the motion based upon Leavitt's failure to show that a stay of execution existed or dispute the existence of the death sentence. In explaining the denial of Leavitt's motion, Judge Shindurling based his decision upon Idaho Code section 19-2715(5) and stated "[f]urther action by this court is ministerial only and '[n]o hearing shall be required for setting a new execution date and the court shall inquire only into the fact of an existing death sentence and the absence of a valid stay of execution.'" Then, Judge Shindurling signed the death warrant, which was filed at approximately 11:28 a.m. The death warrant scheduled Leavitt's execution for June 12, 2012.

On May 18, 2012, Leavitt filed a Motion for Reconsideration in district court, arguing that his execution was barred by the permanent injunction of the federal court, based upon Judge Winmill's 2007 judgment granting habeas relief for Leavitt's sentencing. Judge Shindurling denied Leavitt's motion on May 21, 2012. That same day, Leavitt filed his Notice of Appeal to this Court, appealing from the issuance of the death warrant signed by Judge Shindurling on May 17, 2012, scheduling the execution for June 12, 2012. On May 23, 2012, Leavitt filed a Motion to Quash the Death Warrant in the district court. On May 29, 2012, a Verified Petition for a Peremptory Writ of Mandamus Directing the Court to Vacate the Issuance of the Death Warrant and Conduct a New Hearing was also filed by Leavitt in this Court. On May 30, 2012, Judge Shindurling held a hearing on the Motion to Quash the Death Warrant in which Leavitt's counsel attended. The district court denied Leavitt's Motion to Quash, explaining that there was no reason to quash the death warrant. On May 30, 2012, Leavitt filed a Notice of Appeal from the district court's denial of his Motion to Quash, raising the same issues that were presented in his first Notice of Appeal from the issuance of the death warrant. On May 31, 2012, the district

3

court entered its Order Denying the Motion to Quash the Death Warrant. On May 31, 2012, this Court entered an Order Denying Leavitt's Petition for a Peremptory Writ of Mandamus.

### III. Issues on Appeal

**1.** Whether this Court has jurisdiction over Leavitt's appeal from the issuance of the death warrant?

**2.** Whether the ex parte issuance of a death warrant without Leavitt's counsel present denied Leavitt his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments?

**3.** Whether the district court erred in failing to apply Idaho Code section 19-2715(4) and determining that the court only had jurisdiction to sign the death warrant?

**4.** Whether a Deputy Attorney General who has not appeared in the case has authority to apply for a death warrant before the district court?

**5.** Whether the issuance of the death warrant violated Idaho Criminal Rule 38(a) because review of the death sentence is still pending in the United States Court of Appeals for the Ninth Circuit?

**6.** Whether the district court erred in failing to make a verbatim transcript of the in-chambers proceedings in regard to the issuance of the death warrant?

### V. Analysis

**A.** **This Court Has Jurisdiction over Leavitt's Appeal from the Issuance of the Death Warrant**

*1.* *Leavitt's Appeal from the Issuance of the Death Warrant*

In his first Notice of Appeal, Leavitt appealed from the issuance of a death warrant executed on May 17, 2012. The State asserts that this Court lacks jurisdiction to hear Leavitt's appeal because the issuance of a death warrant is not a final appealable order. All appeals in criminal proceedings are governed by I.A.R. 11(c). Idaho Appellate Rule 11(c) outlines the following judgments and orders as appealable:

> From the following judgments and orders of the district court in a criminal action, whether or not the trial court retains jurisdiction:
>
> (1) Final judgments of conviction.
>
> (2) An order granting or denying a withheld judgment on a verdict or plea of guilty.
>
> (3) An order granting a motion to dismiss an information or complaint.
>
> (4) Any order or judgment, whenever entered and however denominated, terminating a criminal action, provided that this provision shall not authorize a new trial in any case where the constitutional guarantee against double jeopardy would otherwise prevent a second trial.

4

(5) Any order, however denominated, reducing a charge of criminal conduct over the objection of the prosecutor.

(6) Any judgment imposing sentence after conviction, except a sentence imposing the death penalty which shall not be appealable until the death warrant is issued as provided by statute.

(7) An order granting a motion to suppress evidence.

(8) An order granting or denying a motion for new trial.

(9) Any order made after judgment affecting the substantial rights of the defendant or the state.

(10) Decisions by the district court on criminal appeals from a magistrate, either dismissing the appeal or affirming, reversing or remanding.

Although the issuance of a death warrant is not an appealable order, we have determined, in the exercise of our discretion, to exercise this Court's plenary jurisdiction under Article 5, section 9 of the Idaho Constitution to review any act of a district court, to address the merits of the issues presented by this appeal. *See State v. Bicknell*, 140 Idaho 201, 203, 91 P.3d 1105, 1007 (2004).

> 2. *Appeal From the Order Denying the Motion to Quash the Death Warrant*

On May 23, 2012, Leavitt filed a Motion to Quash the Death Warrant based on the same arguments raised in Leavitt's appeal from the issuance of the death warrant. On May 30, 2012, Judge Shindurling held a hearing on the Motion to Quash and heard arguments from both the State and Leavitt's counsel. The district court addressed all the matters that are currently on appeal to this Court and ruled that there was no basis to quash the death warrant.

On May 30, 2012, Leavitt filed a Notice of Appeal from the district court's Order Denying the Motion to Quash the Death Warrant based on the same grounds as his appeal from the issuance of the warrant. This Court affirms Judge Shindurling's ruling denying the Motion to Quash for the same reasons this Court affirms the district court's issuance of the death warrant as analyzed in further detail below.

**B. The District Court Did Not Violate Leavitt's Constitutional Rights by the *Ex Parte* Issuance of the Death Warrant**

Leavitt argues that the district court's issuance of the death warrant without providing Leavitt and his counsel with an opportunity to contest the issuance of the death warrant violated his Due Process rights. Idaho Code section 19-2715(5) states that an "[a]ction of the district court under this section is ministerial only. ***No hearing shall be required*** for setting a new

execution date and ***the court shall inquire only into the fact of an existing death sentence and the absence of a valid stay of execution***." (Emphasis added). The statute explains that the issuance of a death warrant is a ministerial process and thus, it does not implicate substantive rights. This point is especially significant given that the Idaho legislature amended Idaho Code section 19-2715 in 2012 and specifically deleted the entitlement to a hearing during the issuance of a death warrant. Prior to the amendment, Idaho Code section 19-2715(3) stated:

> If for any reason a judgment of death has not been executed, and it remains in force, the court in which the conviction was had, on the application of the prosecuting attorney, **must order the defendant to be brought before it**, or if he is at large a warrant for his apprehension may be issued.

(Emphasis added). It is clear that the legislature intended to remove any requirement for a hearing from the process of issuing a death warrant. This Court has previously explained that "[w]hen the legislature changes the language of a statute, it is presumed that they intended to change the application or meaning of that statute." *Woodvine v. Triangle Dairy, Inc.*, 106 Idaho 716, 721, 682 P.2d 1263, 1268 (1984) (citing *Hawkins v. Chandler*, 88 Idaho 20, 396 P.2d 123 (1964)).

It is important to note that Leavitt received due process prior to the signing of the death warrant. He received due process from the numerous appeals, petitions for post-conviction relief, and habeas corpus relief that he filed in this Court and in federal court over the last twenty-seven years. The issuance of the death warrant is a natural consequence from numerous courts affirming his guilt and sentence of death. Moreover, Leavitt provides no authority in support of his assertion that he was entitled to notice and a hearing for the issuance of a death warrant, and he was not. It is simply a ministerial act. The lower court did not violate Leavitt's Due Process rights by issuing an *ex parte* death warrant without Leavitt and his counsel present.

**C.     The District Court Did Not Err by Failing to Apply Subsection 4 of Idaho Code Section 19-2715**

Leavitt argues that the district court abused its discretion by not applying subsection 4 of Idaho Code section 19-2715 and failing to make an inquiry into the relevant facts surrounding the status of the case. Idaho Code section 19-2715(4) states:

> If for any reason, other than those set forth in subsection (1) of this section, a judgment of death has not been executed, and it remains in force, the state shall apply for another warrant. Upon such application, the district court may inquire into the facts, and if no legal reason exists against the execution of the judgment,

6

must make an order that the warden execute the judgment at a special specified time. The warden must execute the judgment accordingly.

Leavitt argues that because the judgment of death had not been executed but remained in force, the court had discretion to "inquire into the facts" about his case. Leavitt claims that if the court had exercised its discretion to inquire into the facts of Leavitt's case, the court would have discovered his pending Motion for Relief from Judgment in federal court and would not have issued the death warrant while his federal habeas review was still pending. However, subsection 5 of Idaho Code section 19-2715 explains the scope of the factual inquiry allowed by the court. "No hearing shall be required for setting a new execution date and the **court shall inquire** *only into* **the fact of an existing death sentence and the absence of a valid stay of execution**." I.C. § 19-2715(5) (emphasis added). In Leavitt's Notice of Demand for Opportunity to be Heard regarding the Issuance of the Death Warrant, he conceded that no stay of execution was in place and that there was an existing judgment of death. Therefore, no further inquiry of the court was required. Given those circumstances, the district court had no discretion to do anything other than sign the death warrant. Therefore, the district court did not err in failing to apply subsection 4 of Idaho Code section 19-2715.

D.     **The District Court Did Not Err in Finding that the Attorney General's Office Had the Authority to Apply for the Death Warrant**

LaMont Anderson, Deputy Attorney General, applied for Leavitt's death warrant. Leavitt argues that the death warrant is void because the Idaho Attorney General's Office lacked the authority to apply for a death warrant. Leavitt contends that such power to enforce all state penal laws is vested solely in the prosecuting attorney.

Leavitt's argument fails to acknowledge and appreciate the effect of the legislative amendment to Idaho Code section 19-2715 in 2012. Prior to the amendment, subsection 3 of Idaho Code section 19-2715 stated:

> If for any reason a judgment of death has not been executed, and it remains in force, the court in which the conviction was had, on the **application of the prosecuting attorney**, must order the defendant to be brought before it, or if he is at large a warrant for his apprehension may be issued.

(Emphasis added). In 2012, prior to the issuance of Leavitt's death warrant, the Idaho Legislature amended the statute by removing the phrase "application of the prosecuting attorney" and replacing it with "the state shall apply." The amended version of Idaho Code section 19-2715 subsections 2 and 3 demonstrate this change as follows:

7

(2) Upon remittitur or mandate after a sentence of death has been affirmed, ***the state shall apply* for a warrant from the district court in which the conviction was had, authorizing execution of the judgment of death**. Upon such application, the district court shall set a new execution date not more than thirty (30) days thereafter.

(3) If a stay of execution is granted pursuant to subsection (1) of this section and as a result, no execution takes place on the date set by the district court, upon termination of the stay, ***the state shall apply* for another warrant and upon such application**, the district court shall set a new execution date not more than thirty (30) days thereafter.

(Emphasis added).

Leavitt argues that because there is no statutory definition of the term "the state," it is unclear whether the state encompasses the Attorney General's office. As discussed above, this Court has previously held that "[w]hen the legislature changes the language of a statute, it is presumed that they intended to change the application or meaning of that statute." *Woodvine*, 106 Idaho at 721, 682 P.2d at 1268 (1984) (citing *Hawkins v. Chandler*, 88 Idaho 20, 396 P.2d 123 (1964)). The fact that the legislature changed the phrase from a narrow context ("prosecuting attorney") to a broad context ("the state") implies that the legislature intended to broaden the scope of the statute's application to permit attorneys representing the State of Idaho to apply for issuance of a death warrant.[1]

LaMont Anderson applied for the death warrant as a Deputy Attorney General for the State of Idaho. In *Newman v. Lance*, this Court explained that the "legislature has made it the primary obligation of the Prosecutor to enforce the state penal laws." 129 Idaho 98, 103, 922 P.2d 395, 400 (1996). However, this case was predicated upon an analysis of the respective statutes relating to the roles of the Attorney General and the county prosecutor. The 2012 amendment of Idaho Code section 19-2715 demonstrates that the legislature clearly intended to remove the restriction on the ability to apply for a death warrant. Prior to the amendment, the statute only authorized prosecuting attorneys to apply for a death warrant, and following the amendment, the statute authorizes any person representing the State of Idaho to apply for a death warrant. Therefore, the Attorney General has authority to apply for a death warrant in this case. The district court did not err in ruling that the Attorney General's office had the authority to apply for a death warrant.

---

[1] It would be helpful for the legislature to clarify the potential conflict involving whether the prosecuting attorney or the Attorney General can apply for a death warrant.

**E.** **The District Court Did Not Err in Ruling that Idaho Criminal Rule 38(a) Did Not Mandate a Stay of Leavitt's Death Warrant**

Leavitt argues that this Court should vacate the death warrant and issue a stay of execution under Idaho Criminal Rule 38(a) because of his pending Motion for Relief from Judgment in the United States Court of Appeals for the Ninth Circuit. Idaho Criminal Rule 38(a) states that "[a] sentence of death shall be stayed pending any appeal or review." Therefore, Idaho Criminal Rule 38(a) only applies to an appeal or any review of the sentence of death in state court proceedings. Idaho Criminal Rule 38(a) is a rule of criminal procedure which governs the State of Idaho and has no application to pending motions in federal court. Therefore, the district court correctly ruled that Idaho Criminal Rule 38(a) did not mandate a stay of the execution because the rule only permits the imposition of a stay when the case is being appealed or reviewed in state court. The United States Court of Appeals for the Ninth Circuit has the power to issue a stay pending resolution of the appeal of Judge Winmill's denial of Leavitt's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b), but that is entirely a matter of discretion with the federal court.

**F.** **The District Court Did Not Violate Leavitt's Due Process Rights by Failing to Provide a Verbatim Transcript of the Proceeding of the Issuance of the Death Warrant**

Leavitt argues that the district court's failure to provide a verbatim transcript of the proceeding regarding the issuance of the death warrant violated his Due Process rights. As discussed above, Idaho Code section 19-2715(5) states that the issuance of a death warrant is a ministerial task and it does not require a hearing. The logical corollary is that no transcript is necessary if there is no requirement for a hearing. Further, Leavitt failed to support his claim with any authority showing that he was entitled to a verbatim transcript. During the hearing on Leavitt's Motion to Quash the Death Warrant, Judge Shindurling explained that "[t]here was no discussion other than some chitchat with Mr. Anderson, and I signed the warrant. There was no hearing. There was nothing to record." The district court's failure to provide Leavitt with a verbatim transcript did not violate his Due Process rights because Leavitt was not entitled to a hearing or transcript during the issuance of the death warrant.

## VI. CONCLUSION

This Court affirms Judge Shindurling's issuance of the death warrant executed on May 17, 2012, and declines to stay the execution. For the same reasons, this Court also affirms the district court's Order Denying Motion to Quash Death Warrant.

Chief Justice BURDICK, Justices EISMANN, HORTON and Justice *pro tem* SCHROEDER CONCUR.