# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 40021

| | |
|---|---|
| IN THE MATTER OF THE VERIFIED COMPLAINT AND ALTERNATE WRIT AND REQUEST FOR STAY OF EXECUTION. | ) ) ) ) |
| ------------------------------------------------------- | ) |
| RICHARD H. LEAVITT, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) |
| OLIVIA CRAVEN, et al., | ) ) |
| Respondents. | ) ) ) ) |

Boise, June 2012 Term

2012 Opinion No. 89

Filed: June 8, 2012

Stephen Kenyon, Clerk

Complaint for Writ of Mandamus and Alternate Writ and Request for Stay of Execution.

Alternative requests for Writ of Mandamus and Alternate Writ for Stay of Execution, denied.

David Nevin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

---

HORTON, Justice.

Richard A. Leavitt petitions this Court for a writ of mandamus directing the Commission of Pardons and Parole (Commission) to schedule a full hearing on Leavitt's petition for commutation and comply with its rules for such a hearing by publishing notice of the time and place of the hearing in a newspaper of general circulation at least once a week for four weeks prior to the hearing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case were recently set forth in this Court's opinion declining to stay Leavitt's execution:

1

In 1984, Leavitt brutally attacked, sexually mutilated, and murdered a 31 year-old woman, Danette Elg, in Blackfoot, Idaho. In 1985, a jury found Leavitt guilty of first-degree murder for the killing of Danette Elg. The district court held a sentencing hearing and imposed the death sentence. In 1986, Leavitt filed a petition for post-conviction relief, which was denied by the district court. In 1989, this Court affirmed Leavitt's conviction, but reversed his death sentence because the trial court failed to adequately weigh all the mitigating factors against the statutory aggravating factor that the murder was especially heinous, atrocious or cruel, manifesting exceptional depravity. On remand, the district court held another sentencing hearing and found that all of the mitigating factors did not outweigh the single aggravating factor that the murder was especially heinous, atrocious or cruel, manifesting exceptional depravity. Therefore, the district court again sentenced Leavitt to death. Leavitt appealed to this Court, arguing that his constitutional rights were violated because the judge, and not a jury, made the determination regarding whether the mitigating circumstances outweighed the aggravating nature of the crime. This Court upheld Leavitt's death sentence in 1992.

The district court issued a death warrant on February 5, 1992, scheduling the date of execution for February 28, 1992. Leavitt filed a motion to stay the death warrant, which was denied by this Court. The next day, Leavitt requested a stay from the Supreme Court of the United States. On February 25, 1992, the Supreme Court of the United States granted Leavitt's stay of execution. The stay expired upon the Supreme Court's denial of certiorari on November 9, 1992. For reasons unknown, the State did not request a new death warrant until recently.

In 1993, Leavitt filed a Petition for Writ of Habeas Corpus in the United States District Court for the District of Idaho. In 2000, Judge Winmill granted habeas relief because of an improper jury instruction and ordered the State to retry Leavitt within 120 days. The State appealed and the United States Court of Appeals for the Ninth Circuit reversed Judge Winmill's order, holding that federal courts are procedurally barred from granting relief based upon an erroneous jury instruction. The United States Court of Appeals for the Ninth Circuit remanded the case to determine whether Leavitt's resentencing hearing in 1989 violated his constitutional rights. On remand, in 2007, Judge Winmill again granted habeas relief enjoining the State from imposing a death sentence unless a new sentencing hearing was given. The State appealed and in 2011, the United States Court of Appeals for the Ninth Circuit reversed Judge Winmill's decision. On May 11, 2012, Leavitt filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b) in the United States District Court. On May 14, 2012, the Supreme Court of the United States denied Leavitt's Petition for Certiorari. On May 16, 2012, the United States Court of Appeals for the Ninth Circuit issued a mandate automatically lifting any stay previously imposed by Judge Winmill. On June 1, 2012, Judge Winmill denied by order Leavitt's Motion for Relief from Judgment and denied Leavitt's request for a stay of execution. Leavitt's appeal of this order is presently pending before the United States Court of Appeals for the Ninth Circuit.

Anticipating the issuance of a new death warrant, on May 15, 2012, Leavitt filed a Notice of Demand for Opportunity to be Heard regarding the Issuance of the Death Warrant in district court. On May 17, 2012, LaMont Anderson, Deputy Attorney General for the State of Idaho, traveled to Blackfoot, Idaho and asked Judge Shindurling to issue a new death warrant. In Leavitt's motion, he conceded that no stay of execution was in place and that a sentence of death existed, but argued that the court should not issue a death warrant because of Leavitt's pending motion in federal court. At 10:50 a.m. on May 17, 2012, the district court denied the motion based upon Leavitt's failure to show that a stay of execution existed or dispute the existence of the death sentence. In explaining the denial of Leavitt's motion, Judge Shindurling based his decision upon Idaho Code section 19–2715(5) and stated "[f]urther action by this court is ministerial only and '[n]o hearing shall be required for setting a new execution date and the court shall inquire only into the fact of an existing death sentence and the absence of a valid stay of execution.'" Then, Judge Shindurling signed the death warrant, which was filed at approximately 11:28 a.m. The death warrant scheduled Leavitt's execution for June 12, 2012.

On May 18, 2012, Leavitt filed a Motion for Reconsideration in district court, arguing that his execution was barred by the permanent injunction of the federal court, based upon Judge Winmill's 2007 judgment granting habeas relief for Leavitt's sentencing. Judge Shindurling denied Leavitt's motion on May 21, 2012. That same day, Leavitt filed his Notice of Appeal to this Court, appealing from the issuance of the death warrant signed by Judge Shindurling on May 17, 2012, scheduling the execution for June 12, 2012. On May 23, 2012, Leavitt filed a Motion to Quash the Death Warrant in the district court. On May 29, 2012, a Verified Petition for a Peremptory Writ of Mandamus Directing the Court to Vacate the Issuance of the Death Warrant and Conduct a New Hearing was also filed by Leavitt in this Court. On May 30, 2012, Judge Shindurling held a hearing on the Motion to Quash the Death Warrant in which Leavitt's counsel attended. The district court denied Leavitt's Motion to Quash, explaining that there was no reason to quash the death warrant. On May 30, 2012, Leavitt filed a Notice of Appeal from the district court's denial of his Motion to Quash, raising the same issues that were presented in his first Notice of Appeal from the issuance of the death warrant. On May 31, 2012, the district court entered its Order Denying the Motion to Quash the Death Warrant. On May 31, 2012, this Court entered an Order Denying Leavitt's Petition for a Peremptory Writ of Mandamus.

*State v. Leavitt*, 39941, 2012 WL 1994981 (Idaho June 5, 2012). This Court affirmed the issuance of the death warrant and the district court's denial of Leavitt's motion to quash. *Id.* at *7. On May 25, 2012, Leavitt sent a letter to the Commission, in conjunction with his petition for commutation, requesting:

  a. a full hearing in open session on his commutation petition;

b.  that notice of the time and place of all hearings concerning Mr. Leavitt's commutation petition be published in a newspaper of general circulation at least once a week for four weeks prior to the hearing(s); and

c.  that the Commission recommend to the Governor that a reprieve of the June 12, 2012 execution date be granted so that the Commission could perform its ministerial duties and Mr. Leavitt's rights could be satisfied.

In an executive session on June 5, 2012, the Commission denied Leavitt's request for a hearing.[1] Leavitt filed a complaint for a writ of mandamus on June 6, 2012, asking this Court to order the Commission to schedule a full hearing in open session with notice to be published at least once per week for four weeks prior to the hearing. In the alternative, Leavitt asked the Court to set a date for a hearing wherein the Commission must show cause why a full hearing should not be conducted.

## II. STANDARD OF REVIEW

The Idaho Constitution and Idaho Code grant this Court original jurisdiction to issue writs of mandamus. Idaho Const. art. V, § 9; I.C. § 1-203. Under the Idaho Appellate Rules, "[a]ny person may apply to the Supreme Court for the issuance of any extraordinary writ or other proceeding over which the Supreme Court has original jurisdiction." I.A.R. 5(a). Such writs "may be issued . . . to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station; or to compel the admission of a party to the use and the enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person." I.C. § 7-302. Further:

> This Court has held that mandamus is the proper remedy for one seeking to require a public officer to carry out a clearly mandated ministerial act *which is not discretionary*. However, the existence of an adequate remedy in the ordinary course of law, either legal or equitable in nature, will prevent the issuance of a writ of mandamus. The party seeking the writ of mandamus has the burden of proving the absence of an adequate, plain, or speedy remedy in the ordinary course of law.

---

[1] There is a subtle difference in the positions of the parties. Leavitt's complaint focuses on the decision to deny a hearing on the petition for commutation. The Commission's response indicates that the Commission "made a determination to recommend to the Governor denial of Leavitt's commutation petition." The record does not include the minutes of the Commission's meeting, if such have been prepared. (Idaho Code § 67-2344(1) provides that "[a]ll minutes shall be available to the public within a reasonable time after the meeting...." Idaho Code § 67-2344(2) provides that minutes from an executive session identify the statutory authority for convening an executive session and identify the "purpose and topic" of the executive session.) Because we agree with Leavitt's contention, in his brief in support of the petition, that denial of a commutation hearing is "a [*de facto*] final decision denying the commutation petition," this opinion will focus on the fact that the Commission decided, in executive session, to deny Leavitt's request for a public hearing on his petition following notice and publication as provided by IDAPA 50.01.01.450.02.a,b.

4

*Edwards v. Indus. Comm'n*, 130 Idaho 457, 459-60, 943 P.2d 47, 49-50 (1997) (emphasis added) (citations omitted).

Because "constitutional questions and questions of statutory interpretation are questions of law," this Court exercises free review over both. *Stuart v. State*, 149 Idaho 35, 40, 232 P.3d 813, 818 (2010) (citing *Federated Publ'ns, Inc. v. Idaho Bus. Rev., Inc.*, 146 Idaho 207, 210, 192 P.3d 1031, 1034 (2008)). Further, in cases involving the constitutionality of a statute:

> There is a presumption in favor of the constitutionality of the challenged statute or regulation, and the burden of establishing that the statute or regulation is unconstitutional rests upon the challengers. An appellate court is obligated to seek an interpretation of a statute that upholds it [sic] constitutionality. The judicial power to declare legislative action unconstitutional should be exercised only in clear cases.

*Stuart v. State*, 149 Idaho at 40, 232 P.3d at 818 (citations omitted).

## III. ANALYSIS

### A. Procedures for writs of mandamus.

We begin by noting that under I.A.R. 5(a), no response to an application for a writ of mandamus is permitted "unless the Supreme Court requests a party to respond to the application before granting or denying the same." Further, the Appellate Rules also permit this Court, in the exercise of its discretion, to order briefing or argument. I.A.R. 5(c).[2]

In this case, we requested the Commission to file a brief in response to Leavitt's petition pursuant to Idaho Appellate Rule 5(a), and the Commission timely filed its response. However, because of the expedited nature of the proceedings, we declined to order oral argument and instead have determined that this matter may be decided upon the basis of Leavitt's petition and the Commission's response.

### B. Procedural Considerations.

The Commission argues that Leavitt's petition does not comply with I.A.R. 5(b), which provides that a writ of mandamus "shall issue only upon petitions verified by the party beneficially interested therein and upon briefs in support thereof filed with the Clerk of the

---

[2] I.A.R. 5(c) provides, in relevant part:

> **(c) Procedure for Issuance of Writs.** Special writs, except writs of habeas corpus, shall issue as herein provided. . . . The court may enter an order providing for briefing and oral argument prior to issuance of a writ . . . . If such an order is entered, briefing shall be conducted in the manner outlined in the order as supplemented by these rules. The briefs shall be in the form prescribed by Rule 32(e).

Supreme Court." The Commission is correct that Leavitt's verified petition fails to comply with the Rule because, while the petition is verified by Leavitt's attorney, it is not verified by Leavitt, the "party beneficially interested" in the petition. While we note the deficiency, we also recognize that the defect is easily curable. Therefore, in consideration of the parties' interest in an expedited resolution of this matter, we will address the merits of Leavitt's claim for relief.[3]

## C. Leavitt does not have an adequate remedy at law that would preclude issuance of an extraordinary writ.

Leavitt's complaint is predicated upon his contention that Idaho's open meetings law, I.C. §§ 67-2340, *et seq.*, required that the Commission conduct an open hearing on his request for hearing on his petition for commutation rather than decide the matter in executive session. The Commission argues that the requested writ of mandamus may not issue because Leavitt has an adequate remedy at law, specifically, the ability to pursue a civil action for the claimed violation of the open meeting law pursuant to I.C. § 67-2347(6).

The Commission's argument ignores the existence of I.C. § 19-2708, which provides: "No judge, court or officer, can suspend the execution of a judgment of death, except as provided in sections 19-2715 and 19-2719, Idaho Code." These statutes do not permit a magistrate judge, considering a claimed violation of Idaho's open meetings law, to stay execution of the death warrant that is in place and which directs that Leavitt be put to death on Tuesday, June 12, 2012. If there is merit to Leavitt's contention that the Commission's actions violated the open meetings law, it is manifest that pursuing a civil action in the magistrate division of the district court will not provide Leavitt with a timely, adequate remedy.

## D. The Commission was not required to grant Leavitt a full, open session hearing regarding his commutation petition.

Leavitt argues that by failing to hold a full, open session hearing on the denial of his commutation petition, the Commission violated his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution. We note that Leavitt does not argue that he has due process rights independent of those granted by the relevant Idaho statutes and rules. Rather, he argues that the due process violation is a consequence of the Commission's

---

[3] Similar considerations led this Court to disregard the fact that Leavitt's complaint named two former members of the Commission. Rather, this Court elected to order amendment of the caption of this action.

failure to comply with the existing procedural guarantees provided by Idaho law and the Idaho Constitution.

### 1. The Commission's decision did not violate the Idaho Constitution.

The pertinent portion of article IV, § 7 of the Idaho Constitution, governing the board of pardons, provides:

> Said board, or a majority thereof, shall have power to remit fines and forfeitures, and, only as provided by statute, to grant commutations and pardons after conviction and judgment, either absolutely or upon such conditions as they may impose in all cases of offenses against the state except treason or conviction on impeachment. The legislature shall by law prescribe the sessions of said board and the manner in which application shall be made, and regulate proceedings thereon, but no fine or forfeiture shall be remitted, and no commutation or pardon granted, except by the decision of a majority of said board, after a full hearing in open session, and until previous notice of the time and place of such hearing and the release applied for shall have been given by publication in some newspaper of general circulation at least once a week for four weeks. The proceedings and decision of the board shall be reduced to writing and with their reasons for their action in each case, and the dissent of any member who may disagree, signed by him, and filed, with all papers used upon the hearing, in the office of the secretary of state.

Idaho Const. art. IV, § 7.

There are two aspects of article IV, § 7 that pertain to this appeal. First, there is a specific grant of authority to the legislature to prescribe procedures governing applications for clemency. Second, article IV, § 7 provides that no commutation or pardon may be granted without the Commission first having conducted an open hearing following notice and publication. Leavitt argues that while the first provision authorizes the legislature to determine the process by which applications for commutation are made and considered, the second provision limits that power. To the extent that Leavitt is arguing that article IV, § 7 gives rise to a duty to grant a full hearing and notice prior to *denial* of a petition for clemency, we disagree, and hold that the Commission's decision to deny his petition for commutation in executive session did not violate the Idaho Constitution.

"[G]enerally, the statutory rules of construction apply to the interpretation of constitutional provisions." *State ex rel. Kempthorne v. Blaine Cnty.*, 139 Idaho 348, 350, 79 P.3d 707, 709 (2003) (citing *Sweeney v. Otter*, 119 Idaho 135, 138, 804 P.2d 308, 311 (1990)). When interpreting statutes, we "begin[] with the literal words of a statute, which are the best guide to

determining legislative intent." *St. Luke's Magic Valley Reg'l Med. Ctr., Ltd. v. Bd. of Cnty. Comm'rs of Gooding Cnty.*, 149 Idaho 584, 593, 237 P.3d 1210, 1219 (2010) (citing *Doe v. Boy Scouts of America*, 148 Idaho 427, 430, 224 P.3d 494, 497 (2009). "Where a statute is clear and unambiguous the expressed intent of the legislature must be given effect." *McNeal v. Idaho Pub. Utilities Comm'n*, 142 Idaho 685, 690-91, 132 P.3d 442, 447-48 (2006) (quoting *State, Dept. of Law Enforcement v. One 1955 Willys Jeep*, 100 Idaho 150, 153, 595 P.2d 299, 302 (1979)).

Leavitt's reliance on article IV, § 7 is misplaced. The plain language of article IV, § 7 does not require that all decisions relating to clemency be the product of open sessions following notice and publication. Rather, the requirement of an open session following notice and publication applies only to the Commission's decisions to *grant* clemency. In this case, as recognized in Leavitt's briefing, clemency was effectively denied. There is no textual basis for inferring a reciprocal requirement of notice, publication and open hearing in the event that the Commission determines that clemency will not be considered. Therefore, we hold that the Commission's decision to deny Leavitt's petition in executive session did not violate article IV, § 7 of the Idaho Constitution.

2. The Commission's decision did not violate the statutory scheme governing clemency applications.

Leavitt argues that under Idaho's open meetings law, the denial of a commutation petition is a "defacto [sic] final decision," which may not be made in executive session. The Commission replies that the open meetings law expressly permits the Commission to make decisions about commutations in executive session.

Where more than one statutes are related to the same subject, the statutes are *in pari materia. Grand Canyon Dories v. Idaho State Tax Comm'n*, 124 Idaho 1, 4, 855 P.2d 462, 465 (1993). When construing such statutes, "the specific statute will control over the more general statute." *Gooding Cnty. v. Wybenga*, 137 Idaho 201, 204, 46 P.3d 18, 21 (2002) (citing *State v. Barnes*, 133 Idaho 378, 987 P.2d 290 (1999)). Further, it is the "well-settled rule in Idaho that where an irreconcilable inconsistency exists between statutes *in pari materia*, the latest expression of the legislature will control." *Grand Canyon Dories*, 124 Idaho at 5, 855 P.2d at 466 (citing *Union Pac. R.R. v. Bd. of Tax Appeals*, 103 Idaho 808, 811, 654 P.2d 901, 904 (1982)).

8

Idaho's open meetings law was enacted to further "the policy of this state that the formation of public policy is public business and shall not be conducted in secret." I.C. § 67-2340. Under the open meetings statutes, "all meetings of a governing body of a public agency shall be open to the public . . . ," and "[n]o decision at a meeting of a governing body of a public agency shall be made by secret ballot." I.C. § 67-2342(1). However, the statutory scheme expressly authorizes executive sessions, which may be held by, among others, "the commission of pardons and parole, as provided by law." I.C. § 67-2345(1)(g). In turn, "[d]eliberations and decisions concerning the granting, revoking, reinstating or refusing of paroles, or the granting or denying of pardons or commutations, may be made in executive session . . . ." Idaho Code § 20-213A(1)(a). Thus, the plain language of the relevant statutes permits the Commission to meet in executive session.

To the extent there is conflict between the open meetings law and the statutes governing the Commission, the latter control. Here, the more general statutes are the open meetings law, Idaho Code §§ 67-2342 and -2345, which are modified by the more specific provisions of I.C. §§ 67-2345(1)(g) and 20-213A(1)(a), which permit "decisions concerning the . . . the granting or denying of pardons or commutations . . ." to be made in executive session. Significantly, these narrow statutory provisions were simultaneously enacted. 1986 Idaho Sess. Laws, ch. 59, §§ 1-2, p. 168-69. These narrow provisions were enacted under the grant of authority to the legislature found in article IV, § 7, of the Idaho Constitution. There is simply no merit to the proposition that the decision to *deny* a petition for clemency may not be made in executive session.[4]

### 3. Filing a commutation petition does not grant the petitioner the automatic right to a public hearing.

Leavitt's petition may also be read broadly as suggesting that once a petition for clemency has been filed with the Commission, there is an unqualified right to a public hearing. This is inconsistent with the nature of clemency proceedings and the rules governing applications for clemency. In *State v. Ramirez*, 34 Idaho 623, 203 P. 279 (1921), *abrogation by statute on other grounds recognized in State v. Freitag*, 53 Idaho 726, 27 P.2d 68, 72 (1933), this Court expressly recognized the discretionary nature of clemency proceedings:

---

[4] While it is not relevant to our decision here, we note that to the extent that I.C. § 20-213A(1)(a) purports to authorize the Commission to *grant* clemency in executive session, it clearly runs afoul of the requirements of article IV, § 7 of the Idaho Constitution.

9

Commutation can be granted only by the chief executive of the state, and is granted as a matter of clemency. The judicial power to modify a judgment and sentence and the executive power to pardon, parole, or commute are wholly distinct in their nature. The one is an award of justice, and the other is an act of grace. Commutation is a matter of discretion, and may be refused.

*Id.* at 635-36, 203 P. at 283 (quoting *Fritz v. State*, 128 P. 170, 177 (Okla. 1912)).

The rules adopted by the Commission reflect the discretionary nature of executive clemency. IDAPA 50.01.01.450.02 governs applications for commutation and states: *"The scheduling of a hearing is at the complete discretion of the Commission*; if a commutation hearing is scheduled, the Commission will determine the date of the hearing." IDAPA 50.01.01.450.03 recognizes that "[o]nly rarely will circumstances be extraordinary enough to approve a petition for a commutation hearing or to grant a commutation." Given the discretionary nature of clemency proceedings and the standards governing the limited instances in which a writ of mandate is appropriate, Leavitt has not demonstrated that the requested writ of mandamus or alternative writ should issue.

Leavitt has asked this Court to enter its order staying his scheduled execution in order to permit the Commission to honor his request for an open session following notice and publication. As the Commission was not required to consider Leavitt's application for clemency in an open session, we deny Leavitt's request for an order for stay of execution.

## IV. CONCLUSION

Based upon the foregoing, we deny the petitioner's requests for a writ of mandamus, alternative writ and stay of execution.

Chief Justice BURDICK, Justices EISMANN, W. JONES and Justice *pro tem* SCHROEDER CONCUR.

10