## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 47102

| | | |
|---|---|---|
| State of Idaho, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, August 2020 Term |
| | ) | |
| vs. | ) | |
| | ) | Opinion Filed: October 2, 2020 |
| Brandon Lynn Winkler, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Lynn G. Norton, District Judge.

The district court's order is <u>reversed</u> and <u>remanded</u> for further proceedings.

Leroy Law Office, Boise, for Appellant.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent.

---

SUBMITTED ON THE BRIEFS

BURDICK, Chief Justice.

This case arises from an interlocutory appeal to determine whether a pardon, issued in a DUI case, prevents the State from later seeking an enhancement under Idaho Code section 18-8005(9), which would make a subsequent DUI charge a felony. Brandon Lynn Winkler appeals an order entered in the Ada County district court denying his motion to dismiss a January 2019 felony charge for driving under the influence of alcohol. Despite Winkler having been pardoned for a 2006 felony DUI, the district court determined that it still counted as a prior felony DUI for purposes of charging Winkler with a felony under Idaho Code section 18-8005(9). On appeal, Winkler argues the district court erred in concluding that a pardon does not prevent a prior felony DUI from being used to enhance a subsequent DUI charge to a felony under Idaho Code section 18-8005(9).

# I. FACTUAL AND PROCEDURAL BACKGROUND

In the spring of 2006, Winkler was convicted of a felony DUI pursuant to Idaho Code sections 18-8004 and 18-8005. In 2017, approximately ten years after his release from incarceration, Winkler was granted a pardon by the Idaho Commission of Pardons and Parole (the "Commission") for his 2006 felony DUI. In January 2019, Winkler was charged with driving under the influence in violation of Idaho Code section 18-8004. The State sought to enhance the DUI charge to a felony under Idaho Code section 18-8005(9) based on Winkler's 2006 felony DUI.

Winkler moved to dismiss the felony charge, arguing that his 2006 felony DUI could not be used to enhance his current DUI charge to a felony because he had been pardoned. The district court held a hearing on Winkler's motion to dismiss on May 23, 2019, at which both parties presented oral arguments. The district court denied Winkler's motion from the bench, reasoning that a "pardon," which "exempts the individual on whom it is bestowed from the punishment the law inflicts for a crime he has committed," was distinguishable from "amnesty," which "obliterates the criminality of past acts done." However, acknowledging that the issue is one of first impression, and reasoning that clarification from this Court would have a significant impact on the case, the district court agreed to certify the issue for an interlocutory appeal. This Court subsequently granted permission to appeal under Idaho Appellate Rule 12 and Winkler timely appealed.

# II. ISSUE ON APPEAL

Did the district court err in determining that a prior felony DUI can still be used for the purposes of Idaho Code section 18-8005(9), despite a pardon having been granted by the Idaho Commission of Pardons and Parole for the prior offense?

# III. STANDARD OF REVIEW

Idaho Appellate Rule 12(a) provides:

Permission may be granted by the Supreme Court to appeal from an interlocutory order or judgment of a district court in a civil or criminal action, or from an interlocutory order of an administrative agency, which is not otherwise appealable under these rules, but which involves a controlling question of law as to which there is substantial grounds for difference of opinion and in which an immediate appeal from the order or decree may materially advance the orderly resolution of the litigation.

I.A.R. 12(a). The intent of this rule is "to provide an immediate appeal from an interlocutory order if substantial legal issues of great public interest or legal questions of first impression are involved." *Aardema v. U.S. Dairy Sys., Inc.*, 147 Idaho 785, 789, 215 P.3d 505, 509 (2009) (quoting *Budell v. Todd*, 105 Idaho 2, 4, 665 P.2d 701, 703 (1983) (per curiam)). Due to the

2

"unusual posture" of permissive appeals, "we are constrained to rule narrowly and address only the precise question that was framed by the motion and answered by the trial court." *Id.* (citation omitted).

Issues of constitutional and statutory interpretation are questions of law and are reviewed by this Court de novo. *CDA Dairy Queen, Inc. v. State Ins. Fund*, 154 Idaho 379, 382, 299 P.3d 186, 189 (2013) (citations omitted).

## IV. ANALYSIS

The district court determined that a pardon granted for a prior felony DUI conviction by the Commission did not prevent Idaho Code section 18-8005(9) from applying in a subsequent felony DUI case for the purpose of enhancing the new DUI charge to a felony. Winkler argues the district court erred in coming to this conclusion because Idaho Code section 18-8005(9) does not limit the pardon power and a pardon absolves an individual of the punishment and effects of a finding of guilt. The State argues that the district court did not err because a pardon does not completely erase a guilty plea or conviction and does not change the fact that Winkler is a "person who has pled guilty to or has been found guilty" of a felony DUI within the last 15 years.

Idaho Code section 18-8004 makes it unlawful for any person to drive under the influence of alcohol. I.C. § 18-8004. Idaho Code section 18-8005(9) provides that:

> any person who has pled guilty to or has been found guilty of a felony violation of the provisions of section 18-8004, Idaho Code, . . . notwithstanding the form of the judgment(s) or withheld judgment(s) . . . and within fifteen (15) years pleads guilty to or is found guilty of a further violation of the provisions of section 18-8004, Idaho Code, shall be guilty of a felony . . . .

I.C. § 18-8005(9). Ordinarily the application of Idaho Code section 18-8005(9) is fairly straightforward. If a person has pled guilty to or been found guilty of a felony for driving under the influence within the past 15 years and is charged with another driving under the influence offense, the charge will be enhanced to a felony under Idaho Code section 18-8005(9). *See id.* The sole question in this case is whether a pardon issued by the Commission prevents Idaho Code section 18-8005(9) from applying to a prior felony DUI.

The power to grant pardons is vested in the executive branch. Idaho Const. art. IV, § 7. In accord with Article IV, Section 7's requirement that the legislature create a board of pardons responsible for exercising the pardon power, the legislature created the Commission of Pardons and Parole. *Id.*; I.C. § 20-201. Thus, the Commission's power to grant pardons is a constitutional power. *See* Idaho Const. art. IV, § 7. Article IV, Section 7, as amended, lays out the pardon power:

3

Such board as may hereafter be created or provided by legislative enactment shall constitute a board to be known as the board of pardons. Said board, or a majority thereof, shall have power to remit fines and forfeitures, and, only as provided by statute, to grant commutations and pardons after conviction and judgment, either absolutely or upon such conditions as they may impose in all cases of offenses against the state except treason or conviction on impeachment. The legislature shall by law prescribe the sessions of said board and the manner in which application shall be made, and regulated proceedings thereon, but no fine or forfeiture shall be remitted, and no commutation or pardon granted, except by the decision of a majority of said board . . . . The proceedings and decision of the board shall be reduced to writing and with their reasons for their action in each case, and the dissent of any member who may disagree, signed by him, and filed, with all papers used upon the hearing, in the office of the secretary of state.

The governor shall have power to grant respites or reprieves in all cases of convictions for offenses against the state, except treason or conviction on impeachment, but such respites or reprieves shall not extend beyond the next session of the board of pardons; and such board shall at such session continue or determine such respite or reprieve, or they may commute or pardon the offense, as herein provided. In cases of conviction for treason the governor shall have the power to suspend the execution of the sentence until the case shall be reported to the legislature at its next regular session, when the legislature shall either pardon or commute the sentence, direct its execution, or grant a further reprieve.

Idaho Const. art. IV, § 7.

Before Article IV, Section 7 was amended, the executive branch had mostly unfettered discretion in determining whether to grant a pardon. *See* Idaho Const. art. IV, § 7 (1890) (vesting a largely unrestricted pardon power in the executive branch with the exception of pardons for treason and conviction on impeachment). However, Article IV, Section 7 was amended in 1986, limiting the executive branch's power to grant pardons "only as provided by statute." Idaho Const. art. IV, § 7.

At the time Winkler was pardoned, Idaho Code section 20-240 was the statute used by the legislature to provide for the Commission's pardon power. *See* I.C. § 20-240 (1988) (amended 2020). Consistent with the 1986 amendment to Article IV, Section 7, Idaho Code section 20-240 provided the Commission with "full and final authority to grant commutations and pardons" except with respect to pardons for a number of listed offenses.[1] Because driving under the influence is not

---

[1] The legislature recently enacted Idaho Code section 20-240A, which provides that "[t]he commission shall have full and final authority to grant commutations and pardons after conviction and judgment in all cases of offenses against the state except treason or impeachment . . . ." I.C. § 20-240A(1) (effective July 1, 2020). However, where the offense is one for which the maximum punishment allowed by law is death or life imprisonment, the Commission's pardon power is limited to that of providing a recommendation that must be approved by the governor. I.C. § 20-240A(2). For the purposes of this case, the differences between section 20-240 and section 20-240A are immaterial. Both

4

one of the offenses for which the legislature has explicitly limited the Commission's pardon power under section 20-240, Winkler's pardon carries with it the full effect of a pardon as envisioned under the Idaho Constitution.

Since the adoption of the Idaho Constitution in 1889, we have not had the opportunity to directly interpret the meaning of "pardon" as used in Article IV, Section 7. However, this Court has briefly discussed the effects of a pardon in distinguishing pardons from paroles. *See Standlee v. State*, 96 Idaho 849, 538 P.2d 778 (1975) (holding that, unlike pardons or commutations, paroles fell within the scope of the legislature's ability to define crimes and punishments). In *Standlee*, the Court stated that "[a] pardon does away with both the punishment and the effects of a finding of guilt." *Id.* at 852, 538 P.2d at 781. We now conclude that the effect of a pardon as described in *Standlee* is congruent with the intent of the drafters of Idaho's constitution.

When interpreting constitutional provisions, the fundamental object "is to ascertain the intent of the drafters by reading the words as written, employing their natural and ordinary meaning, and construing them to fulfill the intent of the drafters." *Sweeney v. Otter*, 119 Idaho 135, 139, 904 P.2d 308, 312 (1990) (citations omitted). Where the constitutional provision is "clear and unambiguous," the expressed intent of the drafters must be given effect. *Leavitt v. Craven*, 154 Idaho 661, 667, 302 P.3d 1, 7 (2012) (quoting *McNeal v. Idaho Pub. Utils. Comm'n*, 142 Idaho 685, 690–91, 132 P.3d 442, 447–48 (2006)). A constitutional provision "is ambiguous where reasonable minds might differ or be uncertain as to its meaning." *City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho 579, 582, 416 P.3d 951, 954 (2018) (quoting *Payette River Prop. Owners Ass'n v. Bd. of Comm'rs of Valley Cnty.*, 132 Idaho 551, 557, 976 P.2d 477, 483 (1999)).

We hold the term "pardon" as it is used in the Idaho Constitution to be ambiguous because reasonable minds could interpret it in at least two different ways. Article IV, Section 7 does not define what a pardon is, nor is there any other language within Article IV that makes the term's meaning immediately clear. *See* Idaho Const. art. IV, §§ 1–20. Generally speaking, a pardon is an act of clemency. *See Ex Parte Prout*, 12 Idaho 494, 498, 86 P. 275, 276 (1906) (describing the board of pardons as "a board of clemency, rather than a punitive body," and explaining that the board's "prerogative and authority is that of forgiving offenses and remitting penalties, wiping out

---

statutes provide the Commission "full and final authority" to grant a pardon for driving under the influence because that offense does not fall within the exceptions to either statute. *Compare* I.C. § 20-240A, *with* I.C. § 20-240 (1988) (amended 2020).

judgments and sentences of conviction either in whole or in part"). One reasonable interpretation is that a pardon does not extinguish the criminality of an individual's past act or conviction; it merely absolves him of the punishment for his crime. The district court interpreted the term "pardon" as such, and is not alone in coming to this reasonable conclusion. *See, e.g.*, *Commonwealth v. Smith*, 187 A. 387 (Pa. 1936) ("The fact of conviction, however, is a solemn record of the court which cannot be erased or blotted out."); *State v. Cullen*, 127 P.2d 257 (Wash. 1942) ("The pardon in this case merely restored the defendant to his civil rights. If it had been granted before his term of imprisonment had been served, it would also have relieved the defendant of that. But it did not obliterate the record of his conviction or blot out the fact that he had been convicted."). Alternatively, reasonable minds could conclude that the drafters intended a pardon to operate as an act of complete forgiveness, placing the pardoned individual on the same standing he had before his conviction. If it did not erase the conviction, a pardon under such an interpretation would at a minimum exempt him from further punishment and remove any other effects that may stem from the conviction. We view both interpretations as reasonable. Therefore, the provision is ambiguous.

"Generally, the statutory rules of construction apply to the interpretation of constitutional provisions." *Leavitt*, 154 Idaho at 667, 302 P.3d at 7 (quoting *State ex rel. Kempthorne v. Blaine Cnty.*, 139 Idaho 348, 350, 79 P.3d 707, 709 (2003)). Where the language of a constitutional provision is ambiguous, the debates from the constitutional convention may be resorted to for the purpose of interpretation. *State v. Village of Garden City*, 74 Idaho 513, 525, 265 P.2d 328, 334 (1953). Constitutional provisions should also be viewed in the context of the time in which they were adopted. *See City of Pocatello v. State*, 145 Idaho 497, 502, 180 P.3d 1048, 1053 (2008) (interpreting an Act of 1888 regarding water rights in the historical context of its enactment).

Article IV, Section 7 of the Idaho Constitution was adopted at the 1889 constitutional convention without debate or amendment. *Proceedings and Debates of the Constitutional Convention of Idaho* 421 (I. W. Hart ed., 1912). Therefore, to discern the drafters' intent, we look to other sources close in time to the adoption of Idaho's constitution. Black's Law Dictionary, first published in 1891, provides a definition of "pardon" contemporary to the drafting and adoption of Article IV, Section 7. It defines "pardon" as "[a]n act of grace, proceeding from the power intrusted with the execution of the laws, which exempts the individual on whom it is bestowed from the

6

punishment the law inflicts for a crime he has committed." *Pardon*, Black's Law Dictionary (1st ed. 1891). It further explains that:

> "Pardon" is to be distinguished from "amnesty." The former applies only to the individual, releases him from the punishment fixed by law for his specific offense, but does not affect the criminality of the same or similar acts when performed by other persons or repeated by the same person. The latter term denotes an act of grace, extended by the government to all persons who may come within its terms, and which obliterates the criminality of past acts done, and declares that they shall not be treated as punishable.

*Id.*

The concept of a pardon was also discussed by the United States Supreme Court the same year Idaho's constitution was approved by Congress. *See Illinois C.R. Co. v. Bosworth*, 133 U.S. 92, 103 (1890). The Court described the effects of a pardon as follows:

> A pardon reaches both the punishment prescribed for the offense and the guilt of the offender; and, when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense. If granted before conviction, it prevents any of the penalties and disabilities consequent upon conviction from attaching; if granted after conviction, it removes the penalties and disabilities, and restores him to all his civil rights; it makes him, as it were, a new man, and gives him a new credit and capacity. There is only this limitation to its operation, –it does not restore offices forfeited, or property or interests vested in others in consequence of the conviction and judgment.

*Id.* (quoting *Ex Parte Garland*, 71 U.S. (4 Wall.) 333 (1866)).

In light of these sources, coeval with Idaho's constitution, we conclude that a pardon is intended to spare an individual from punishment for his crime and remove any other effects that his conviction may have carried. We agree that a pardon granted after a conviction removes any remaining penalties and disabilities that stem from the conviction.

This conclusion is in accord with a number of other states that have been asked to determine whether a pardoned conviction can be used as a "prior offense" under state statutes enhancing punishment for subsequent convictions. *See, e.g.*, *Ex parte Casey*, 852 So.2d 175 (Ala. 2002) ("A pardon reaches both the punishment prescribed for the offense and the guilt of the offender; and when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offenses . . . . [I]t removes the penalties and disabilities, and restores him to all his civil rights; it makes him, as it were, a new man, and gives him a new credit and capacity.") (quoting *Ex parte Garland*, 71 U.S.

(4 Wall.) 333 (1866)); *Duncan v. State*, 494 S.W.2d 127 (Ark. 1973) (quoting the same language from *Ex parte Garland* and concluding that a pardoned conviction cannot be used for sentence enhancement); *State v. Martin*, 52 N.E. 188 (Ohio 1898) ("If a second offense is made by statute more heavily punishable than the first, then, if the first is pardoned, it is obliterated. The consequence of which is that a like offense afterwards committed is not a second, and is punishable only as a first.").

The Supreme Court of South Carolina's decision in *State v. Baucom* takes the same approach and is factually similar to the case at hand. 531 S.E.2d 922 (S.C. 2000). In that case, an individual was charged with driving under the influence and the state sought to enhance the DUI charge based on a prior DUI. *Id.* at 922–23. However, just like the present case, the individual argued that his prior DUI conviction could not be used to enhance his current DUI charge because he had been pardoned. *Id.* at 923. The district court allowed the use of the pardoned conviction and the Court of Appeals affirmed, reasoning that "a pardon forgives the punishment for a crime, but does not forget or obliterate the act of the commission of the crime." *Id.* at 924. The Supreme Court of South Carolina reversed, explaining that enhancement of a subsequent sentence was a collateral legal consequence of the pardoned conviction, and that a pardon removed all the legal consequences of a conviction. *Id.*

Here, whether we call it a collateral legal consequence, disability, or penalty, use of a prior DUI conviction for the purpose of enhancing a pending DUI charge is an effect that stems from the prior conviction. Because we hold that such effects are removed by a pardon under Article IV, Section 7 of the Idaho Constitution, we further conclude that the district court erred in determining that Winkler's pardoned DUI conviction could be used to elevate his pending DUI charge to a felony.

## V.    CONCLUSION

For the reasons discussed above, the district court erred in allowing Winkler's prior DUI conviction to be used to enhance his pending DUI charge. As such, the district court's order is reversed and the case remanded for further proceedings consistent with this opinion.

Justices BRODY, BEVAN, STEGNER and MOELLER **CONCUR.**